Ambrose B. Mix, Respondent, v Mason L. McCoy, Appellant.

Kansas City Court of Appeals, June 14, 1886.

1. Slander—Pleading—What May be Shown Under General Denial—Case Adjudged.—In a suit for slander, evidence offered by defendant, to prove the "drunken condition" he was in at the time of uttering the slanderous words, was properly excluded (even if it was admissible under the pleadings, which were only a general denial, and not in mitigation of damages), because drunkenness is *not* mitigation in an action of slander, whether pleaded or not, in this state. This being the common law rule, has been frequently applied in criminal cases, and is as applicable in civil actions for *torts.*

2. ―――― Proof of Words Used—How far Required.—Proof of equivalent words used, in actions like this, will not answer, but all the words alleged need not be proved ; it is sufficient if enough are proved to *constitute the slander averred. Lewis v. McDaniel,* 82 Mo. 577.

Appeal from Henry Circuit Court, Hon. James Parks, Special Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

F. E. Savage, for the appellant.

I. The court erred in excluding the evidence tending to show that defendant was drunk at the time of the alleged uttering of the slanderous words, such proof having been offered to rebut the presumption of malice in fact, a fact proper to be shown in mitigation of damages. 3 Suth. Dam. 689, *et seq.; Howell v. Howell,* 10 Iredell, 84 ; *Yeater v. Reed,* 4 Blackf. 463 ; 1 Chitty Plead. 508 ; Bliss on Code Plead., sects. 362, 363 ; *Weaver v. Hendrix,* 30 Mo. 502 ; *O'Connor v. O'Connor,* 27 Ind.

69; *Blakenstaff v. Perrin*, 27 Ind. 527; *Sweeney v. Nave*, 22 Ind. 180.

II. The court erred in directing the jury to find for plaintiff, if they should believe from the evidence that the defendant, in speaking of the plaintiff, used enough of the words of the petition to charge plaintiff substantially with being a thief, or that plaintiff was a thief, when there is no such allegation in the petition. *Birch v. Benton*, 26 Mo. 153; *Fox v. Vandebeck*, 5 Cowen (N. Y.) 518; *Clements v. Maloney*, 55 Mo. 352. Besides the idea and meaning the law attached to the words used in the instruction should have been defined in connection with the subject under investigation. The language used was calculated to mislead the jury. *Berry v. Dryden*, 7 Mo. 324; *Atterberry v. Powell*, 29 Mo. 429.

III. The court erred in instructing for plaintiff that the jury might take into consideration the poverty, and number of children the plaintiff had, in estimating his damages.

IV. The court erred in *not* giving instructions asked for defendant. *Flinn v. Barlow*, 16 Ill. 39; *Clements v. Maloney*, 55 Mo. 352; *Birch v. Benton*, 26 Mo. 153.

V. The instructions given by the court, of its own motion, do not declare the law correctly, by leaving it discretionary with the jury to determine how many of the slanderous words are necessary to constitute the charge.

M. A. Fyke and Foster P Wright, for the respondent.

I. The court did not err in excluding the evidence as to drunkenness. By his answer he denied speaking the words at all. No mitigating circumstances were set up in his pleading. Section 3553, Revised Statutes, authorizes the answer to allege both the truth of the matter charged, *and* any mitigating circumstances, to reduce the amount of damages. But he can not *deny*

and justify, nor can he deny and mitigate. *Buckley v. Knapp*, 48 Mo. 152. *Drunkenness* does not mitigate a crime in any respect, it is rather an aggravation. *State v. Cruso*, 27 Mo. 334; *State v. Potts*, 58 Mo. 556.

II. The instruction, as to proof of words substantially constituting the charge, is correct. *Clements v. Maloney*, 55 Mo. 352; *Lewis v. McDaniel*, 82 Mo. 577. All of any given set of words need not necessarily be proved, but only so many of the identical words charged in such set as are necessary to constitute, of themselves, the slanderous accusation. *Judy v. Lovejoy*, Blackf. 462; *Coghill v. Chandler*, 33 Mo. 175; *Pennington v. Meeks*, 46 Mo. 217.

III. The instruction as to *damages* was proper. When defendant acts maliciously, and the law presumes malice from the speaking of words actionable *per se*, exemplary damages may be recovered. *Walser v. Thies*, 56 Mo. 89; *Corwin v. Walton*, 18 Mo. 73; *Franz v. Hollerbrand*, 45 Mo. 121; *Buckley v. Knapp*, 48 Mo. 152. The condition in life of the parties was proper subject of inquiry. *McNamara v. King*, 2 Gilm. 432; cited and approved in *Buckley v. Knapp, supra*.

IV. The court properly refused the instructions asked by defendant, and complained of.

V. Defendant cannot complain of the instructions given by the court of its own motion. Taken in connection with the other instructions, no harm was done to defendant.

Ellison, J.—This is an action for slander. The petition states that on the —— day of December, 1882, the defendant, wickedly intending to injure the good name, fame, and character of the plaintiff, did, then and there, falsely, wrongfully, and maliciously, speak, publish, and proclaim to, of, and concerning, the plaintiff, in the presence and hearing of divers citizens of Henry county, the following false, defamatory, and slanderous words, etc., charging larceny of hogs.

Defendant's answer was a general denial.

There was a verdict for plaintiff for five hundred dollars, and defendant appeals.

On trial of the cause plaintiff asked a witness whether defendant was "drunk or sober," at the time of uttering the slanderous words. The court sustained an objection to this. Defendant then offered to prove the "drunken condition" he was in at the time of uttering the words. This offer was refused by the court. This evidence was offered to rebut the presumption of malice and mitigate the damages. It was objected to on the ground that defendant had not pleaded mitigation, but only a general denial.

In the view we take of the evidence offered, it is not necessary to consider whether evidence in mitigation may be received under a general denial.

In my judgment, drunkenness is not mitigation in an action of slander; if not, it was properly excluded, whether pleaded or not.

There is no profit in examining the rulings of the different states on this and kindred subjects. There is no harmony in the decisions. Many, perhaps most, of the states hold that evidence of drunkenness may be received in murder, on the question of malice, deliberation, etc., and that it will reduce the degree of the crime. Such jurisdictions would, in analogy, also hold that such evidence was receivable in slander. There can be no question of what the common law rule was before being altered by modern decisions.

Blackstone calls drunkenness an artificial, voluntarily contracted madness, which, depriving men of their reason, puts them in a temporary frenzy, and which the law looks upon as an aggravation of the offence. He says that in Greece, a law of Pittacus, enacted "that he who committed a crime when drunk should receive a double punishment." While the Roman law made allowance for the vice. "But the law of England, considering how easy it is to counterfeit this excuse, and how

weak an excuse it is (though real), will not suffer any man thus to privilege one crime by another.''

Coke wrote that ''a drunkard, who is *voluntarius dæmon*, hath no privilege thereby; whatever ill or hurt he doth, his drunkenness doth aggravate it.'' So, in an action for torts, drunkenness is not regarded as a reason for mitigating damages. Co. Litt. 247 A.

The common law rule is adopted in this state in all its vigor. It has been frequently applied in criminal cases, and I see no possible reason why the same principle would not hold in civil actions for torts, *quasi* crimes. In *State v. Cross* (27 Mo. 332), the court used the following language: ''The old and well established maxim of the common law is, that drunkenness does not mitigate a crime in any respect; on the contrary, that it is rather an aggravation. * * * Drunkenness is voluntary, it is brought about by the act of the party, whilst insanity is an affliction of Providence, for which the party affected is not responsible. This is understood to be the basis of the distinction which the law has made between these two kinds of *dementia*, and is the principal reason why the rules of law have been settled so as to allow the one madness to constitute an exemption from legal responsibility, but deny to the other any mitigating qualities whatever. There are also obvious reasons of public policy why the law should be so established.'' This case has been followed and affirmed in *State v. Williams*, 69 Mo. 113; *State v. Pitts*, 58 Mo. 556; *State v. Hundley*, 46 Mo. 414; *State v. Edwards*, 71 Mo. 321; *State v. Dearing*, 65 Mo. 530.

In the latter case an instruction was approved stating drunkenness to a state of insensibility was not sufficient to repel the inference of malice and premeditation, or to mitigate the offence. In *State v. Edwards*, *supra*, Norton, Judge, says drunkenness does not excuse or extenuate a crime, and that it cannot be taken into consideration by the jury; that ''however differently the question may have been elsewhere deter-

mined, we are not disposed to overthrow the rule thus established in this state, believing it to rest upon reason and authority, and that any departure from it would neither be in the interest of a higher civilization, nor promotive of the best interests of society, nor conducive to the ends of justice."

If, then, the law does not mitigate, extenuate, or excuse, in a cause involving murder, where every benefit is given to the accused, we cannot give it that effect in a civil action, where the defendant has not the vantage ground given him in a criminal proceeding. If drunkenness is not of sufficient efficacy to save one's life it surely should not shield his money. All motives of policy for excluding it, in the one case, will apply with equal force to the other. Under our statute this defendant might have been indicted for the utterance of these words, and in such case it would not be pretended that "the drunken condition" of defendant could be received in evidence. I can see no reason why the same rule will not exclude it in the present action.

The instructions were properly passed on by the court. The instruction in the case of *Atterberry v. Powell* (29 Mo. 429), which was held bad, told the jury that if they believed the defendant *spoke the words charged* in the petition in substance. Here, instruction number one for plaintiff was, if the jury believed the plaintiff spoke the very words charged in the petition, or enough of the words, to substantially constitute the *slanderous charge*. In the *Atterberry case* the jury were told that proof of the words charged, or substantially the words, would suffice, while in this case the instruction is as to proof of enough of the *same* words stated in the petition, to substantially constitute the charge. Similar instructions have been held good by the supreme court, in *Lewis v. McDaniel* (82 Mo. 577). It is true that proof of equivalent words will not answer; but all the words alleged need not be proved, it is sufficient if enough are proven to constitute the slander

averred. "All the words need not be proved; some of them may be omitted, provided those proved are words constituting the poison to the character, and constitute the precise charge of slander averred." *Birch v. Benton*, 26 Mo. 161; *Pennington v. Meeks*, 46 Mo. 217; *Lewis v. McDaniel, supra.*

There was evidence tending to support the allegation in the petition that "the Mixes will all steal. The Mixes are a set of thieves." The innuendo to this allegation is, "meaning thereby, then and there, to charge that plaintiff had been, and was, guilty of larceny, and that plaintiff was a thief." The proof given of this part of the charge was sufficient to support the instruction given by the court. We have given attention and consideration to the points presented by counsel for appellant, and the authorities cited in support thereof, but are constrained to hold that there has been no error committed justifying a reversal of the judgment, and it is, therefore, affirmed. Hall, J., concurs; Philips, P. J., concurs in the result.