THE STATE OF MISSOURI, Respondent, v. GUILLIOME
MARLIER, SR., *et al.*, Appellants.

Kansas City Court of Appeals, June 8, 1891.

1. Criminal 'Procedure : SLANDER : JOINDER OF PARTIES. If sev-
eral parties all give voice to the same utterance at the same time,
or if all concur in the utterance of one, they may be proceeded
against jointly, as it is an entire offense,—one joint act done by
all,—and, the more there are that joined in it, the greater is the
offense.

2. ———: PLEADING : MATTER IN LANGUAGE IN WHICH SPOKEN. The
words alleged to be slanderous should be charged as spoken and
in the tongue spoken. They should then, if spoken in a foreign
language, be followed by a proper translation ; and it is error to set
out in the English language words spoken in the French language.

*Appeal from the Barton Circuit Court.*—HON. D. A.
DEARMOND, Judge.

REVERSED.

*J. F. Smith*, for appellant.

(1) The motion to quash the indictment should
have been sustained. R. S. 1889, sec. 4105, p. 959 ;
1 Bishop on Cr. Law [ 6 Ed.] sec. 802, p. 446. (2) The
defendant's demurrer to the evidence offered by the
state at the close of the state's evidence should have
been sustained. The proof was that the defamatory
words were not uttered in the English language. It
devolves upon the state to prove substantially the words
charged; different words of the same import are not
sufficient. *Bundy v. Hart*, 46 Mo. 460; *Berry v. Dry-
den*, 7 Mo. 324 ; *Birch v. Benton*, 26 Mo. 153 ; 10 Am.
& Eng. Ency. of Law, 454, note 2, and p. 455, note 1.
(3) The motion in arrest of judgment should have pre-
vailed. R. S. 1889, sec. 4105, p. 959 ; Bishop on Cr.
Law [ 6 Ed.] sec. 802, p. 446.

*W. O. Atkeson*, Prosecuting Attorney, for respondent.

( 1 ). That they all engaged immediately in the talk, concurred in and approved what each other said to Mary Anneton of a slanderous and indecent character, under the evidence, admits of no doubt. Under our statutes and practice they were all guilty of all the slanderous words charged in the indictment, and proven by the testimony, and were, therefore, properly charged jointly, tried and convicted jointly. It was one offense, and they were jointly guilty. R. S. 1889, sec. 4105; *State v. Steptoe*, 1 Mo. App. 19; 65 Mo. 640; *State v. Derry*, 20 Mo. App. 562; *State v. Forcier*, 17 Atl. Rep. (N. H.) 577; *Cupp v. Commonwealth*, 7 S. W. Rep. (Ky.) 405; Anderson's Law Dictionary, Slander, p. 955. ( 2 ) If the third point in appellant's argument is good, it would render the trial of such a case as this impossible in this county. It would require a prosecuting attorney familiar with a nondescript French-Belgian vernacular, a court skilled in a hybrid tongue, and a petit jury of philologists to try such a case as this. This is too much.

ELLISON, J.—This is a prosecution by indictment for slander, under section 3868, Revised Statutes, 1889. Three defendants are joined in one indictment, father, mother and son. They are charged to have "then and there" given utterance to the slanderous and defamatory words. They were convicted. Objection is made to the joinder. It has been held that the offense here charged is in its nature separate, and cannot be committed jointly. The better doctrine is, however, to the contrary. If they all give voice to the same utterance at the same time, or if all concur in the utterance of one, they may be proceeded against jointly. 2 Bishop's Crim. Proc., sec. 811; 1 Bishop's Crim. Proc., secs. 467, 470; 2 Bishop's Crim. Law, sec. 948. In the case at bar

it appears that the defendants and several others met by
invitation at the house of one of the number. Among
those present was Mary Anneton, an unmarried female,
whom defendants are alleged to have accused of being
guilty of fornication. It seems to have been understood
that each of the party, in turn, should sing a song.
The song sung by Guilliome, Jr., appears to have been
made up, in part, of slanderous reflections upon Mary,
who, together with others of the party, resented the
imputations by objecting to the song. A quarrel was
thus brought about in which the words alleged in the
indictment were used by the defendants. It does not
appear clearly whether a part of the words were uttered
in the song. But the song as rendered by Guilliome,
Jr., was undoubtedly, at the time of its utterance,
approved by his father and mother acting in concert
with him, though they do not appear to have actually
joined in the singing. And the slanderous words fol-
lowing were uttered in concert, are expressly concurred
in by each, as found by the jury under proper instruc-
tions in this respect. There is a case reported in 2
Burrows, 980, where several were indicted and convicted
for singing a song in the public street at the door of Jane
Cook. The following verse was, by proper averment,
shown to refer to her :

"There are two people in Cheltenham town ;
The one a lusty spark ;
They both do take delight in game ;
Each one doth keep a park.
In one, there is a buck ; in the other, there's a doe.
And if you can but favor get, a hunting you may go ;
But if that she is going proud, and like to be at rut,
They turn her into a neighbor's park, and there to take the buck ;
And when that he has done his best, and this fine *doe* is cloy'd,
Then up she goes to London town, her young one for to hide ;
And when she had been there awhile, if that you will but mind,
Then out she cometh from that park and leaves her fawn behind,
But yet awhile in town must stop, till all things safe and sound,
Then home she comes to her own park to take the other round."

The court said of the objection made of improper joinder, that this was "an entire offense; one joint act done by both. They both joined in the act of singing this libelous and scandalous matter in the public street, at the father's door, with intent to discredit him and his children. And whether it be two songs or one, or a first and second part of the same song, or of separate stanzas, one on John, and another on Jane, yet it is one entire offense; and the more there are that joined in it, the greater is the offense."

II. The defendants are Belgians, and it appears that the words were spoken in the French language in the presence and hearing of Belgians. The cause was tried by the aid of an interpreter. The indictment sets out the words in the English language, and omits to set them out in the language in which they were uttered. This was wrong. The words should be charged as spoken, and in the tongue spoken. They should then be followed by a proper translation. *Zennobis v. Axtel*, 6 T. R. 162; *Warmoth v. Cramer*, 3 Wend. 394; *Kerschbaugher v. Slusser*, 12 Ind. 453; *Hickley v. Grosjean*, 6 Blackford, 351; Odger's Libel & Slan. 109, 110, 470; Newell on Defamation, Slander & Libel, 277, 637. And in this respect there is no difference between a civil and criminal prosecution. *Cook v. Cox*, 3 M. & S. 110. The motion in arrest should have been sustained. We will, therefore, reverse the judgment and discharge defendants. All concur.