ARNOLD, *Appellant,* v. JEWETT *et al.*

Division Two, December 4, 1894.

1. **Libel**: MALICE: EVIDENCE. In an action for libel, where the answer avers that plaintiff falsely claimed to represent defendants in selling goods and there was evidence to sustain the averment, the defendants may show that a number of persons stated to them that they had heard that plaintiff was selling goods for defendants, for the purpose of showing the extent of plaintiff's statements and to rebut the inference of malice in defendants in making the charge. But such evidence is admissible only for the purpose stated and the court should so instruct the jury.

2. ———: PRACTICE: DEMURRER. Where defendant's evidence tends to prove the truth of a publication alleged to be libelous, an instruction to the jury to find for the plaintiff should be refused.

3. ———: ———: INSTRUCTIONS. In an action for libel, it is proper to instruct the jury that they are the sole judges of the law, as well as of the facts.

4. ———: ———: ———: In an action for libel the jury are as much bound by the instructions of the court, except as to whether the alleged libel is in fact libelous, as in any other case.

*Appeal from Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*James W. Boyd and Samuel S. Shull* for appellant.

The court committed error in the following matters, rulings and particulars, viz.: *First.* In allowing

defendants to introduce testimony tending to show that a great many persons from different parts of Platte and Buchanan counties, in April and May, 1891, came to defendants' office and asked if George R. Arnold was selling twine for defendants, and said they had heard he (Arnold) was selling twine for them (defendants). *Buckley v. Knapp*, 48 Mo. 158; *Anthony v. Stephens*, 1 Mo. 254; *Moberly v. Preston*, 8 Mo. 462. *Second.* In allowing witnesses to testify on behalf of defendants that a rumor existed before June 1, 1891, in different parts of Platte and Buchanan counties to the effect that plaintiff Arnold was selling twine for defendants (respondents here). Same authorities cited, *supra.* *Third.* In refusing to give, at the close of defendants' evidence, the instruction asked by plaintiff directing the jury to find for the plaintiff. *Berry v. Dryden*, 7 Mo. 324; *Birch v. Benton*, 26 Mo. 154; *Christal v. Craig*, 80 Mo. 374. *Fourth.* In refusing to give instructions numbers 1 and 2 asked by plaintiff, telling the jury the circular was libelous on its face. *Herman v. Bradstreet Co.*, 19 Mo. App. 227; *Price v. Whitely*, 50 Mo. 440; *Nelson v. Musgrave*, 10 Mo. 648; *Keemle v. Sass*, 12 Mo. 499; *People v. Croswell*, 3 Johns. Ca. 354; *McGinnis v. Knapp & Co.*, 109 Mo. 131. *Fifth.* In refusing to give instructions 6 and 7, and also number 17, withdrawing all evidence of rumor. *Anthony v. Stephens*, 1 Mo. 254; *Buckley v. Knapp*, 48 Mo. 158; *Moberly v. Preston*, 8 Mo. 462. *Sixth.* In giving instructions A and H on its own motion. *Christal v. Craig*, 80 Mo. 374; *Berry v. Dryden*, 7 Mo. 324; *Birch v. Benton*, 26 Mo. 154. *Seventh.* The court erred in giving instruction number "J," which told the jury none of the instructions in the case were binding on them; that they were the sole judges of the law of libel, and informing the jury they must grope elsewhere than in court for the law of this case. R. S. 1889, sec. 2188,

and cases cited in note "E" on said section. *Eighth.* In giving defendants' instruction number 1. Same cases cited under "6," *supra.* *Ninth.* In giving defendant's instruction number 2, telling the jury before they could find for the plaintiff they must believe all the statements in the circular were false, that they were malicious and then telling the jury they were the sole judges of the law of the case. *Morgan v. Rice,* 35 Mo. App. 598. *Tenth.* The answer containing a general denial, no evidence could properly be admitted under a plea of justification. *Atterbury v. Powell,* 29 Mo. 429; *Coble v. McDaniel,* 33 Mo. 363.

*W. K. Amick* for respondents.

(1) There was no error on the part of the court in allowing defendants to introduce testimony tending to show that a great many persons from different parts of Platte and Buchanan counties came to defendant's place of business and asked if Geo. R. Arnold was selling twine for defendant, and stated that they had heard he (Arnold) was selling twine for them (defendants). This testimony was admitted for the purpose of showing the extent of the circulation of the representations the plaintiff had made regarding his selling twine for Geo. L. Jewett & Company, and not for the purpose of proving such representations. It was also admitted for the purpose of determining whether or not defendants were actuated by malice in sending out the circular letters. (2) The evidence regarding rumors existing in different parts of Buchanan and Platte counties, to the effect that plaintiff Arnold was selling twine for defendants, was admitted for the same reasons and on the same grounds as first above stated. (3) The instruction asked by plaintiff at the close of

the evidence, directing the jury to find for plaintiff, should have been refused. Defendants had introduced testimony tending to prove the truth of every statement contained in the circular letter sent out by defendants, and upon which the suit was based. (4) Instructions numbers 1 and 2, asked by plaintiff, telling the jury that the circular was libelous on its face, were properly refused. Under the constitution and bill of rights therein contained, the jury were the sole judges as to whether the circular was libelous or not. See art. 2, sec. 14, Constitution of Mo; *State v. Armstrong*, 106 Mo. 395. (5) Instructions numbered 6, 7 and 17, withdrawing all evidence of rumor, were properly refused. Defendants had introduced evidence tending to prove the truth of all the statements contained in the circular letter. The evidence of rumor was then competent to show that defendants were not actuated by malice in sending out the circular and also for the purpose of showing how far the false representations of plaintiff, that he was the agent and was selling twine for defendants, had extended; and that defendants only sent the circulars into those sections of the country where the rumor existed. (6) There was no error in giving instructions A and H. See Const. of Mo., art. 2, sec. 14; *State v. Armstrong*, 106 Mo. 395. (7) Instruction J should have been given. See cases cited under point 4, *supra*. (8) Defendants' instructions numbers 1 and 2 should have been given. See cases under points 4 and 6, *supra*. (9) Plaintiff can not complain of any error in admitting evidence under allegations in defendants' answer. The bill of exceptions contains an agreement between plaintiff and defendants that plaintiff on appeal would only raise two points: *First*, as to action of court in admitting evidence of rumor and hearsay; *second*, the action of the court in giving and refusing instructions.

GANTT, P. J.—This is an action for damages growing out of an alleged libel. The defendants as a firm were dealers in farm implements and binding twine, at St. Joseph, and plaintiff was engaged in the same line of business at Dearborn, in Platte county.

Plaintiff alleges that in April, 1891, he made a contract with the Farmers' Alliance of Platte county to sell them all the binding twine they would need during that season; that in June, 1891, defendants falsely published the following false, scurrilous and libelous circular, intending thereby to injure and damage plaintiff, to wit:

"GEO. L. JEWETT & CO.,

"Wholesale and Retail Dealers in Standard Farm
Machinery, Buggies, Farm and Spring
Wagons, Engines, Threshers, etc.
608 South Sixth Street,

ST. JOSEPH, MO., 6–1–1891.

"CAUTION:

"DEAR SIR: We are credibly informed that Mr. Arnold is making the statement (where he thinks he will not be found out) that he is selling twine for us. It is not the only misstatement made to injure us.

"We wish it understood that he is in no way representing us. We have but one man on the road identified with the Alliance. He is in GOOD STANDING in that body. Mr. Shofner may be able to call upon you; should he not do so, send your orders in season for all implements and twine to us, the authorized supply agents for the F. and L. Union.

"Very Truly Yours,

"GEO. L. JEWETT & Co."

That in said letters or circulars the defendants referred to this plaintiff by the name and designation of "Mr. Arnold."

That contriving to injure and defame this plaintiff, defendants wantonly, willfully, wrongfully and maliciously published, and caused to be published, the said letters or circulars among the members of the organization and association aforesaid in said Buchanan county and among plaintiffs' patrons, acquaintances and friends, and among all the citizens of the counties of Buchanan, Platte and Clinton aforesaid.

Wherefore plaintiff says he is damaged in the premises in the sum of $15,000, for which, with costs, he prays judgment.

Defendants admitted they were partners as alleged; that for several years past and at the time of the alleged libel and at the time herein mentioned, plaintiff was engaged in the same line of business as defendant, and competing with defendants in the sale of farming machinery and binding twine in the counties of Buchanan, Platte and Clinton, in said state.

Defendants, further answering, say that on the —— day of January, 1891, they entered into contract with an organization or association of farmers and citizens of Buchanan county, Missouri, commonly known as the Farmers' Alliance or the Farmers and Laborers' Union of Buchanan county, Missouri, by and through its agents and officers and members, to furnish to said association or organization and each individual member thereof in said county all the farming machinery and binding twine they or any of them might wish to purchase during the year 1891.

That, on the —— day of January, 1891, the defendants entered into contract with a similar organization, known as the Farmers' Alliance or Farmers' and Laborers' Union of Platte county, Missouri, by and through its officers, agents and members, to furnish to said organization or association and each individual member thereof in said county all the farming

machinery and binding twine they, or any of them, wish to purchase during the year 1891.

Defendants admit that they did, on or about the date mentioned in plaintiff's petition, cause to be printed several hundred circulars as in said plaintiff's petition alleged, that said circulars were mailed to the customers of defendants, and to members of the Farmers' Alliance, or Farmers and Laborers' Union in said Buchanan and Platte counties, and that the *supposed libelous and defamatory words* set forth in the said circulars and in said petition of plaintiff, and every part thereof, *are true* of the plaintiff, and defendants say and charge that before the time in said petition alleged as the date of publishing the libel in said petition charged, and before said circulars were printed, to wit, between the —— day of January, 1891, and the —— day of June, 1891, plaintiff did, to divers persons in said counties of Buchanan and Platte, speak of and concerning defendants, certain false, defamatory and slanderous words, to wit: by representing himself to be the agent of defendants and by trying to sell machinery and twine to said divers persons in said counties on said representations, and by saying to said divers persons: "I am selling twine for George L. Jewett & Company, of St. Joseph."

Defendants charge that said representations and said words spoken by plaintiff were false and at said time were known by plaintiff to be false, were made and spoken by plaintiff to members of said organization or association known as the Farmers' Alliance or the Farmers and Laborers' Union with the intention and for the purpose of injuring the standing of defendants with said organization or association, and for the purpose of selling his own machinery and twine to said members of said organization.

That plaintiff, by making such false representations

and by speaking said false and slanderous words of defendants, caused the impression to prevail with the farmers and citizens of said counties of Buchanan and Platte that plaintiff was the agent of said defendants.

Defendants further say that on the —— day of February, 1891, the said organization or association known as the Farmers' Alliance and Laborers' Union of Buchanan county, Missouri, met in convention at the courthouse in St. Joseph, Missouri, that members of said organization from Platte county and surrounding counties were present at said convention, that plaintiff was present at said time and arose in said convention to address the members of said organization there assembled, that during his remarks he stated that George L. Jewett & Company had no connection with the Farmers' Alliance of Platte county whatever.

Defendants charge that said statement was false and that plaintiff knew it to be false when he made it, and that it was made maliciously and willfully, with the intent of injuring the standing of defendants with said organization in Buchanan and Platte counties.

Defendants further answering, deny each and every allegation in said petition contained, except such as are above specially admitted.

The reply of plaintiff was a general denial of the new matter in defendants' answer. The verdict was for defendants.

It is agreed by the bill of exceptions that appellant will raise but two points on the appeal, as follows: *First.* As to the action of the court in admitting evidence of rumor and hearsay evidence. *Second.* The action of the court in giving and refusing instructions.

There was evidence to prove all the allegations of the petition and the answer.

Defendants also introduced testimony tending to show that, during the months of April and May, 1891,

a great many persons from different parts of Platte and Buchanan counties came to defendants' office and inquired if George R. Arnold was selling twine for Jewett & Company, and said they had heard Arnold (meaning plaintiff) was selling twine for them (defendants).

To the introduction of said last mentioned testimony the plaintiff objected when same was offered, on the ground that it was hearsay and rumor, but the court overruled said objection, and the plaintiff excepted to the ruling at the time.

The defendants offered to prove by witnesses from different localities in Platte and Buchanan counties that before June 1, 1891, it was rumored in their respective neighborhoods that plaintiff was selling twine for defendants. To this testimony, when offered, the plaintiff objected, on the ground that it was irrelevant, incompetent and hearsay, but in each instance the objections were overruled by the court, to which ruling of the court plaintiff at the time duly excepted, and in each instance the testimony was admitted by the court, the court admonishing the jury at the time the testimony was admitted on the ground that the jury might take into consideration such facts in determining whether or not the defendants were actuated by malice in sending out the circulars, and for the further purpose of showing the extent of the circulation of the representations the plaintiff had made regarding his selling twine for George L. Jewett & Company, providing the jury found that plaintiff had made such representations, and that such rumor was not admitted to show plaintiff had made such representations. To which action, ruling and statement of the court the plaintiff duly excepted at the time.

At the close of defendants' evidence plaintiff asked the court to instruct the jury that under the pleadings

and evidence in the case, the plaintiff was entitled to recover. This instruction was refused by the court, to which action and ruling of the court in refusing to give said instruction, the plaintiff excepted at the time.

I. The first assignment relates to the action of the court in permitting defendants to prove that a number of people from different portions of Platte and Buchanan counties, in April and May, 1891, came to defendants' office in St. Joseph and inquired if George R. Arnold was selling twine for them and said they heard he was selling twine for them, and that there were rumors to that effect.

The defendants did not offer to prove by these witnesses that plaintiff had said he was selling twine for defendants. Certainly plaintiff was not to be bound by this hearsay evidence, as proving or tending to prove that he had stated he was selling twine for defendants. It was admitted by the court with an express caution to the jury, that it was not for that purpose and this caution was repeated in an instruction. It was admitted after defendant had introduced evidence tending to prove that on or about April, 1891, at the town of Dearborn, in Platte county, in the presence of three or four persons, plaintiff stated that he was selling, or going to sell, twine for Geo. L. Jewett & Company, and that he repeated this statement, and said he was selling twine for Jewett & Company and solicited trade as defendants' agent, at the corner of Fourth and Edmond streets, in the city of St. Joseph, Missouri, on or about May, 1891, and that he made this statement about May 15, 1891, at or near the front door of the defendants' place of business, in St. Joseph, in the presence of several persons, among whom were farmers of Buchanan and Platte counties; that plaintiff also stated to one John Smith, about May 15, 1891, on the streets of St. Joseph, that he was selling twine for

Jewett & Company and wanted to sell some twine to said Smith; that plaintiff was not and had not at any time been connected with defendants as their agent, and to show the extent of the circulation of plaintiff's representations that he was selling twine for defendants, and to rebut the inference of malice on their part in sending out the circulars after said inquiries and rumors came to their knowledge.

Of course, the fact that others have uttered a slander is no justification to me to repeat it, but this evidence was offered in connection with the proof of the truth of the matters stated in the circular and to show the extent to which defendants understood the plaintiff had spread the report and to account for their good faith in endeavoring to counteract it. It was not, however, any justification for the charge of falsehood made therein against plaintiff. Qualified and limited as it was both in its admission and by the instruction, we are of the opinion it constituted no reversible error.

II. Plaintiff complains that the court erred in refusing to instruct the jury at the close of the evidence to find for plaintiff. There was no error in refusing this instruction. The defendants' evidence tended to establish the truth of all the statements made in the circular, and it was peculiarly the province of the jury to believe or disbelieve that evidence, and if they did so it constituted a defense to the action.

III. The instructions given by the court were exceedingly favorable to plaintiff and his counsel concedes that each one of them separately is correct, but complains most bitterly because the court after thus fully instructing the jury, gave them this additional instruction:

"J. The jury are instructed by the court that the instructions given to the jury in this case are for the purpose of aiding you to arrive at a correct verdict.

They contain, in the opinion of the court, the law nec-
essary to be considered, under the pleadings and evi-
dence, by you in arriving at your verdict. They are
intended to be—and in the judgment of the court they
are—consistent each with the other, and should all be
considered by the jury together. You are further
instructed that in this case, while you should con-
sider, yet you are not bound by, the instructions of the
court. You are not only the sole judges of the weight
to be given to the testimony and of the facts, but under
the constitution and law of Missouri, you are yourself
the sole judges of the law of libel as well as of the
facts.''

The argument is that it tells the jury what the law
is in one instruction and then advises the jury they
may disregard it. But we think such an inference is not
to be drawn from the instruction. The court simply
recognized the organic law of the state, which was
binding upon court and jury alike. As in duty bound,
the court had instructed and directed them fully into
the law of the case, and then told them in the language
of the bill of rights that they were the judges of the
law of libel as well as the triers of the facts.

However anomalous this may seem at this day, no
provision of the bill of rights has a deeper significance,
and it is the duty of the courts to preserve, rather than
question, its obligation.

The form of the instruction is unfortunate. The
court should have limited the jury's right to judge of
the law to the sole question of whether the alleged
libelous circular was in fact libelous. On all other
questions the jury are as much bound by all the other
instructions of the court in a libel suit as in any other
case. It is very evident that the court attempted to
follow the instruction in *State v. Armstrong*, 106 Mo.
395, but a reference to that case will show that the jury

were limited as judge of the law to the libel itself. *Regina v. Ramsay*, 15 Cox's C. C. 231. But in view of the fact that all the other instructions are in themselves correct and the jury were properly allowed to say whether the circular was libelous or not, we are not disposed to reverse the case.

There was ample evidence to justify the finding and it is evidently for the right party. The judgment is affirmed. All of this division concur.