State v. Fenn.

---

STATE OF MISSOURI, Respondent, v. FENN et al., Appellants.

St. Louis Court of Appeals, May 2, 1905.

1. **SLANDER: Variance.** To authorize a recovery for verbal slander it is necessary to prove the exact language alleged to have been used, or enough thereof to constitute the charge; it is not sufficient that the words proved are equivalent to the words charged.

2. ———: ———: **Criminal Charge.** In a criminal prosecution for slander, where the words charged were "He (meaning the person slandered) forged that deed," proof that the words spoken were that "He (the person slandered) had changed the consideration in a deed," would not sustain a conviction because there was a failure to prove the slanderous words laid in the information.

3. ———: **Forgery: Failure of Proof.** The evidence was insufficient to support a conviction because the words proved did not, except by inference, charge the crime of forgery.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Joseph O. More* and *George H. Traylor* for appellants.

The State completely failed to prove that defendants, or either of them, ever used or spoke any of the alleged slanderous words "he forged that deed." There was a complete failure of proof on the part of the State. Therefore, defendants' demurrers should have been sustained. Watson v. Musick, 2 Mo. 29; Berry v. Dryden, 7 Mo. 324; Steel v. Bushnell, 24 Mo. 332; Birch v. Benton, 26 Mo. 153; Attebery v. Powell, 29 Mo. 435; Coghill v. Chandler, 33 Mo. 115; Bundy v. Hart, 46 Mo. 466; Clements v. Maloney, 55 Mo. 357; Coe v. Griggs, 76 Mo. 623; Christal v. Craig, 80 Mo. 374; Lewis v. McDaniel, 82 Mo. 577; Noeniger v. Vogt, 88 Mo. 592; Nicholson v. Rogers, 129 Mo. 141, 31 S. W. 260; Mix v. McCoy, 22 Mo. App. 493; Smith v. Bauer, 60 Mo. App. 214; Butts v. Long, 94 Mo. App. 687, 68 S. W. 754; Krup v. Corley, 95 Mo. App. 650, 69 S. W. 609; Newell on Slander and Libel (2 Ed.), 804, 805; Townshend on Slander and Libel (4 Ed.), p. 612, sec. 365; 2 Starkie (Wendell Ed.) on the Law of Slander and Libel, 12.

*Robert S. Rutledge* for respondent.

The statute says to charge one falsely and maliciously with a "felony" is a slander. The "alteration," changing of a deed, is a "forgery," which is a "felony." Verbal slander is a statutory offense only; and we must look to the statute only, and if "substantially" the words charged were proven, and on proper instructions under the statute the jury found defendants guilty, should that verdict be disturbed here? It is "forgery" to alter,

change a deed; "forgery" is a "felony," and "slander" to charge a "felony." The words charged "substantially" being proven, the jury properly instructed, found they were proven, found defendants guilty, then who shall say that the charge laid and the offense under the statute was not proven to the jury whose province it was to find as to the facts proven. State v. Booger, 8 Mo. App. 600; State v. Derry, 20 Mo. App. 552; Mix v. McCoy, 22 Mo. App. 488; Lewis v. McDaniel, 82 Mo. 577; Noeninger v. Vot, 88 Mo. 591.

BLAND, P. J.—The defendants were jointly charged and jointly tried and each convicted of verbal slander in the New Madrid Circuit Court. Timely motions for new trial and in arrest of judgment were filed which the court overruled and defendants appealed.

The slander alleged in the information is that defendants, in the presence of Louis Newbauer and W. W. Waters, spoke of James V. Conran, "the following false and slanderous words, imputing to him, the said James V. Conran, the act of offense of forgery in the first degree, 'He (meaning the said James V. Conran) forged that deed,' meaning and referring to a certain deed, dated June 8, 1903, from the said M. H. Powell to said James V. Conran, purporting to convey her interest in certain real estate in New Madrid and Pemiscot counties, Missouri, which deed is recorded in New Madrid county, in the recorder's office in book 36, page 527, and in the recorder's office of Pemiscot county, in book 28, page 15, the said charge of crime and forgery, if true, not then and there being barred by the Statute of Limitations."

For the State, the evidence tends to show that Mal H. Powell, now Màl H. Brant, executed and delivered to Conran the deed mentioned in the information. The deed recites a consideration of one thousand dollars.

Newbauer's evidence is that defendant Fenn, in a

conversation had with him in the presence of Mrs. Brant, on the second day of April, 1904, in the county of New Madrid, stated that James V. Conran had "Changed the consideration in a deed," and that witness understood Fenn to refer to the deed described in the information; that Mrs. Brant was present, heard what Fenn said and assented to or affirmed the charge, that Conran had "changed the consideration in a deed."

Waters testified that he was introduced to Fenn by Mrs. Brant, on the streets of the city of New Madrid, on April 2, 1902, and that Fenn said: "I have been reading your paper recently and I admire the stand you have taken here in politics; in a short time you will have something more sensational to publish in your papers as I have examined the records of New Madrid county and I have obtained sufficient evidence to make some of your prominent citizens wear the stripes." This evidence of Waters was erroneously admitted, over the objection of defendants.

To authorize a recovery in actions for verbal slander, it has been repeatedly held that it is necessary to prove the exact language alleged to have been used by the defendant, or enough thereof to constitute the charge, and it is not sufficient that the words proved are equivalent to the words charged though they contain the same charge but in different phraseology, if they are not substantially the same words. [Coe v. Griggs, 76 Mo. 619; Birch v. Benton, 26 Mo. 153; Christal v. Craig, 80 Mo. 367; Noeninger v. Vogt, 88 Mo. 589; State v. Marlier, 46 Mo. App. 233; Mix v. McCoy, 22 Mo. App. 488; Wood v. Hilbish, 23 Mo. App. 389; Butts v. Long, 94 Mo. App. 687, 68 S. W. 754.] The same rule prevails in criminal prosecutions for verbal slander. [State v. Marlier, supra.]

The words charged to have been spoken, "he (meaning James V. Conran) forged that deed," were not proved by evidence that Fenn said James V. Conran "had

changed the consideration in a deed." None of the words, except the word "deed," are the words charged in the information to have been spoken by Fenn as constituting the slander. The words proved do not, except by inference, charge the crime of forgery. The State utterly failed to prove the slanderous words laid in the information, and for this reason the court should have instructed the jury to return a verdict of not guilty, as requested by the defendants.

The judgment is reversed and defendants discharged. All concur.