THE STATE OF MISSOURI, Respondent, v. JAMES SIMPSON, Appellant.

**Kansas City Court of Appeals, May 3, 1909.**

1. **SLANDER: Criminal Procedure: Judge and Jury: Instruction.** In criminal prosecutions for slander the jury determine the law and the fact and they should not be peremptorily directed to find a verdict of guilty if certain evidence is believed. The court instructs in an advisory, not a peremptory way.

2. ———: ———: **Information: Verification.** An affidavit used as a basis for an information for slander is verified to the "best knowledge, information and belief" of the affiant. *Held,* not sufficient to support the information and the more so since it appeared the affiant knew nothing of the matter of his own knowledge; and section 2478, Revised Statutes 1899, does not apply to the information under judgment. [State v. Bennett, 102 Mo. 356, distinguished.]

3. **APPELLATE PRACTICE: Record: Bill of Exceptions.** The transcript sufficiently shows the taking of the bill of exceptions.

Appeal from Vernon Circuit Court.—*Hon. Berry G. Thurman,* Judge.

REVERSED AND REMANDED.

*A. J. King* for appellant.

(1)   Section 2258 of the Revised Statutes of the State of Missouri for 1899, is the statute under which this prosecution was had.   (2)   Section 2262 of the Revised Statutes of Missouri for 1899, requires the jury under the direction of the court, to determine the law and the fact.   (3)   Under this section of the statute the court may instruct the jury as to the law of libel or slander in an advisory, but not in a mandatory way. See instructions numbered 1, 2 and 3; Grimes v. Thorp, 113 Mo. App. 658; State v. Armstrong, 106 Mo. App. 395; State v. Collins, 117 Mo. App. 658.   (4)   Where

an information is not verified, as required by the statute, and the lack of verification is called to the attention of the trial court by timely motion to quash, and by motions for a new trial and in arrest, and said motions are over-ruled and duly preserved in a bill of exceptions the judgment will be reversed, and the cause remanded. State v. Gutke, 188 Mo. 424; State v. Decker, 185 Mo. 182; State v. McGee and McGraw, 181 Mo. 312; State v. Hayward, 83 Mo. 299; State v. O'Kelley, 121 Mo. App. 181.

*Lee B. Ewing,* Prosecuting Attorney, and *M. T. January* for respondent.

(1) There is no bill of exceptions in this case. (2) Objections to the form of verification of an information are waived unless preserved by motion to quash, and the error, if any, in overruling a motion to quash must be again called to the attention of the trial court in the motion for a new trial, and both motions must be preserved and presented to the appellate court by bill of exceptions. State v. Gutke, 188 Mo. 424; State v. Lee, 113 Mo. App. 200. (3) There being no bill of exceptions, practically the only point to be considered in the case is whether or not the information charges a crime. It follows the approved precedents in form and is sufficient in substance. State v. Derry, 20 Mo. App. 552; Johnson v. Post-Dispatch, 65 Mo. 539.

ELLISON, J.—Defendant was tried and convicted on a charge of criminal slander prohibited by section 2258, Revised Statutes 1899. The charge was by information filed in the circuit court.

The charge was that defendant said to the prosecuting witness that "I have been told that you caught a bad disease from her," meaning a certain named woman.

The statute (section 2262, Revised Statutes 1899) is that "In all prosecutions for libel or slander, the truth thereof may be given in evidence to the jury, and

shall constitute a complete defense; and the jury, under the direction of the court, shall determine the law and the fact."

The court instructed the jury that the words quoted above constituted a charge of fornication and that if they believed they were spoken by defendant they should convict him. This was error. The foregoing statute leaves to the jury the question whether a certain charge is slander and whether they will convict. [State v. Armstrong, 106 Mo. 395; Arnold v. Jewett, 125 Mo. 241; Heller v. Pulitzer Pub. Co., 153 Mo. 205; State v. Powell, 66 Mo. App. 598.] We considered the subject in Sands v. Marquardt, 113 Mo. App. 490, and Grimes v. Thorp, 113 Mo. App. 652. In the latter case we stated that in criminal prosecutions for either libel or slander the jury determine the law and the fact; and that they could not be peremptorily directed to find a verdict of guilty if certain evidence was believed. The court should instruct in an advisory, but not peremptory way, that certain words would, in the opinion of the court, sustain a verdict of guilty if found by the jury at the same time informing them that the court's opinion was merely advisory and not binding on them, and that they were the sole judges of whether the words constituted libel or slander and as to whether the accused should be found guilty. It is said in State v. Armstrong, supra, "That while the judge may assist and inform them what the law is, and it is his duty to do so, still they are, by virtue of organic law, the final judges in a prosecution for criminal libel."

The information in this case is on the affidavit of the woman charged to have been slandered. The wording of her affidavit is that "the facts in the above and foregoing information are true according to her best knowledge, information and belief."

In State v. Bennett, 102 Mo. 356, affirmed without comment in State v. Armstrong, supra, it was ruled that an affidavit by a private person on "best knowledge

and belief" was sufficient. As will be seen by the opinion in the Bennett case, it was not without a struggle that the court came to the conclusion it did. It was determined that the word "belief" did not qualify the other word "knowledge." While we readily concede the soundness of the position there taken, yet it did not involve an affidavit like the one before us. In that case knowledge and belief were reasoned out to amount to the same thing as applied to the affidavit. But in this case we are asked to go a step further and approve of a pleading based, partly at least, upon information. Information implies lack of knowledge. One may say "I believe" a thing because he knows it. When one says he is informed of a thing, he knows he is informed of it, but he does not know it exists, he does not know his information is true, he impliedly affirms that he does not know. So in State v. Hayward, 83 Mo. 299, an affidavit "to the best of his information and belief" was held to be bad. That ruling is approved in the Bennett case. We therefore conclude that the affidavit in this case does not fall within the limit of the Bennett case and is more nearly controlled by the Hayward case and should be declared not sufficient ground upon which to base an information by the prosecuting attorney. While we are now passing upon the affidavit as it appears on its face, yet it may be well to state that matters developed after the motion to quash had been overruled showed clearly why the word "information" was put in the affidavit. It appeared in evidence that the affiant knew nothing of the matter whatever of her own knowledge, and merely made the affidavit on the word of another. Thus appears the wisdom of the ruling in the Hayward case.

We will state in this connection that the statute as applied to the matters here considered is the same as it was when the Hayward and Bennett cases were decided and that the court in deciding the Hayward case was aware of the statute prescribing a form of affidavit on

"information and belief." That statute is now known as sections 2478 and 2479, Revised Statutes 1899. Those sections, however, relate to the institution of a prosecution by an affidavit apart from the information. Such affidavit is not a verification of the information, nor an affidavit filed with it, as contemplated by section 2477, for it is a paper made and filed *before* the information comes into existence. It is the foundation for the information.

Counsel for the State insist that the record here is not sufficient to show a bill of exceptions, or that exceptions were taken. We have examined the transcript, including the certificate of the clerk to the different parts of the record, including a bill of exceptions, and we find it sufficient.

The judgment is reversed and the cause remanded. All concur.