JENNIE CRANDALL, Respondent, v. ROBERT R. GREEVES, Appellant.

Kansas City Court of Appeals, May 19, 1913.

PRACTICE, APPELLATE: Serving of Abstract and Brief: Dismissal for Failure to Comply With Rule. Where the appellant's abstract and brief have not been served within the time required by the rules of court, and a motion to dismiss has been filed, and no good reason is shown to justify or excuse such failure to serve them in time, the court, although loth to dismiss a case, cannot violate one of its own rules, since if rules are in force they must be obeyed.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

APPEAL DISMISSED.

*Jack Brisco* and *Whitecotton & Wight* for appellant.

*Ben E. Hulse, Hays & Heather, J. P. Boyd* and *M. J. Lilly* for respondent.

TRIMBLE, J.—A motion was filed in this case to dismiss the appeal for failure to deliver to respondent's attorneys a copy of the abstract, brief, points

and authorities at least twenty days before the day on which the cause is docketed for hearing, as required by Rule 15 of this court. It is on this motion to dismiss that the case is now considered. With the motion, several affidavits were filed in support thereof and later one was filed in opposition thereto. By stipulation of counsel the motion was taken with the case, and as the facts covered by the affidavits are not readily apparent, an opinion in explanation of our ruling thereon is deemed necessary.

Judgment was rendered against appellant in the circuit court at the February term, 1912. The motion for new trial was overruled at the June term, June 22, 1912. As this was more than sixty days' before the October term, 1912, of this court, the appeal was returnable to said October term of this court.

At this term the cause was continued by agreement to the March term, 1913, of the Court of Appeals, and at this term the case was docketed for hearing on March 5, 1913. The last day for delivering copies of abstract and brief to opposing counsel, therefore, expired on February 13, 1913, if you do not count the day on which the case is set, or on February 14, 1913, if you do count it. The abstract and brief were not served until February 15, 1913, or less than twenty days before the day the cause was docketed for hearing. So that Rule 15 was not complied with and the appeal wil have to be dismissed unless the facts present a reasonably good excuse for noncompliance therewith which will justify us in holding that the same ought not to apply.

As stated before, the judgment was rendered at the February term, 1912, and the appeal taken June 22, 1912. No transcript of the evidence was ordered from the stenographer until the latter part of August, 1912, a delay of sixty days in ordering the transcript. The stenographer finished the transcript about October 1, 1912, and notified the appellant's attorneys the

same was ready for delivery. The transcript was not called for, however, until January 22, 1913, another delay of nearly four months.

Sixty days later, or on January 28, 1913, the bill of exceptions was completed and then another unexplained delay of six days occurred, when the bill was on February 3, 1913, presented to the circuit judge for his signature. The judge refused to sign it until counsel on the opposite side had examined and approved it, and told counsel to get it approved by respondent's counsel. Thereupon the judge was informed that the only attorney for respondent living in Moberly, Major Lilly, was sick and too ill to examine same. The judge told appellant's counsel to notify respondent's other counsel at Hannibal, Missouri. As stated, appellant's counsel was so told by the judge on February 3, 1913, but here another delay of nine or ten days occurred, and the counsel at Hannibal received no notification until February 13, 1913, when they responded by wire saying they would come to Moberly and examine the bill the next day, February 14th. This they did reaching Moberly in the evening and examined and approved the bill the night of the 14th and delivered it to appellant's counsel the next morning. Later that same day the bill of exceptions was signed by the judge and then the abstract and brief were served upon respondent's counsel, Major Lilly, who was or had been sick as reported to the judge. But this service was too late to comply with the rule. No other attempt or offer to tender said bill of exceptions to respondent's counsel for examination was made other than that on February 14, at which date the time for serving abstract and brief had expired.

Three things are urged as reasons why the rule was not obeyed: First, because of the delay of the stenographer in getting out the transcript; second, the

sickness of respondent's legal counsel, Major Lilly, and his consequent inability to examine or apporve said bill; third, sickness of one of appellant's three counsel. As to the first reason, the delay of the stenographer, it is not shown that he was guilty of delay since he was not notified to furnish transcript until the latter part of August and had it finished by October 1st. The October, 1912, term of the circuit court began on the second Monday in October, which was on the 14th day of the month, and during this term in addition to the prior notice by mail from the stenographer that the transcript was finished, respondent's local counsel, Major Lilly, who evidently was not sick at that time, also notified appellant's counsel that said transcript was ready for delivery. As to the second reason, to-wit, the sickness of Mr. Lilly, it is not shown when he took sick nor how long he remained so. But even if it should appear that his sickness was at a time which could not be foreseen by appellant's counsel, still it is conceded that Lilly was sick February 3, 1913, at the time the bill was first presented to Judge Waller to sign and no reason is given for the nine or ten days delay in presenting it to or notifying the Hannibal counsel. As to the third reason, sickness of appellant's counsel, it is not shown when such sickness occurred except that it was after the completion of the bill, which was on the 28th of January, but it is conceded that counsel was well enough on the 3rd of February to present the matter to the judge and finally to notify the attorneys in Hannibal. So that such sickness does not appear to be the cause of the failure. Besides, there were other counsel for respondent in Moberly who could have attended to the matter, but who did not.

We are loth to dismiss an appeal and where the facts will at all justify it we seize upon any good rea-

son to avoid such a result if possible. But it is useless to have rules unless they are enforced, and we find no good reason to justify us in avoiding the enforcement of this one under all the circumstances. The motion to dismiss is, therefore, sustained. All concur.