# STATE OF MISSOURI, Respondent, v. JAMES WESTBROOK, Appellant.

**Springfield Court of Appeals, December 12, 1914.**

1. **CRIMINAL LAW: Information: Evidence: Variance: Slander and Libel.** Criminal prosecution for slander and libel. Where the evidence fails to show that substantially the same words were used by the accused as he is charged with having spoken there is a variance.

2. **LIBEL AND SLANDER: Sustaining Charge: Proving Identical Words Used: Equivalence Not Sufficient.** To substantially sustain the charge of slander and libel there must be substantial proof of the identical words or enough thereof as will support a charge and mere equivalence is not sufficient.

3. **INSTRUCTIONS: Libel and Slander: Jury Judges of Law and Fact.** In a trial for slander and libel an instruction was given telling the jury that it was the judge of the law and fact and that it was not bound to find as the judge directed. *Held*, not error.

4. **————: ————: Charge and Proof to Correspond.** In a trial for slander and libel an instruction was given authorizing a conviction if the jury found that "the accused spoke the words charged or words substantially equivalent." This was error. It is the charge and proof which must substantially correspond, not the words.

5. **————: Libel and Slander: No Evidence on Which to Base Instruction: Error.** Trial for slander and libel. A given instruction *held* erroneous because there was no evidence to support it.

6. **————: Comment on Evidence: Error.** An instruction which singles out testimony of a witness and comments thereon is erroneous.

7. **INDICTMENTS AND INFORMATIONS: Libel and Slander: Separate Conversations.** In a trial for slander and libel, where libellous conversations are alleged to have been held by accused at different times in the presence of different persons. the better and safer practice requires that the conversations be separately stated.

Appeal from Stoddard County Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*Mozeley & Woody* for appellant.

The State was permitted to convict the defendant of the offense charged by the proof of other and distinct conversations or statements than that charged. This evidence was incompetent and should not have been admitted for that purpose. State v. Pulitzer, 12 Mo. App. 6; Tippens v. State (Tex), 43 S. W. 1000; Collins v. State (Tex.), 44 S. W. 846; State v. Railroad, 219 Mo. 156, 117 S. W. 1173; State v. Stike, 149 Mo. App. 104, 129 S. W. 1024; State v. Phillips, 233 Mo. 299, 135 S. W. 4; State v. Spray, 174 Mo. 569, 74 S. W. 846; Bill of Right, Sec. 22; State v. Wellman, 253 Mo. 302, 161 S. W. 795; State v. Smith, 250 Mo. 274, 157 S. W. 307; State v. Horton, 247 Mo. 657, 153 S. W. 1051; State v. Teeter, 239 Mo. 475, 144 S. W. 445; Adams v. State (Tex.), 138 S. W. 117; State v. Meysenberg, 171 Mo. 1, 71 S. W. 229. (2) Instruction No. I, given for the State, was erroneous, because it authorized the jury to convict the defendant if they found that he spoke the words charged, or words substantially the same. This was a misdirection. It is the charge and the proof thereof which must substantially correspond, and not the words. Conran v. Fenn, 159 Mo. App. 664, 140 S. W. 83; State v. Fenn, 112 Mo. App. 531, 86 S. W. 1098, and cases there cited; Bundy v. Hart, 46 Mo. 460, Mix v. McCoy, 22 Mo. App. 493; Wood v. Hilbish, 23 Mo. App. 399; Hauser v. Stergers, 137 Mo. App. 560, 119 S. W. 52; Kunz v. Hartwig, 151 Mo. App. 94, 131 S. W. 721; Lemaster v. Ellis, 173 Mo. App. 332, 158 S. W. 904; Tippins v. State (Tex.), 43 S. W. 1000; Parsons v. Henry, 177 Mo. App. 329, 164 S. W. 241.

*John L. Hodge* for respondent.

There is no merit to appellant's contention that the State was permitted to convict defendant of the offense

charged by proof of other and distinct conversations or statements than that charged. It is proper to charge conjunctively, in one count, more than one act; and if defendant is guilty of either, the offense is made out. R. S. 1909, Sec. 4484; R. S. 1909, Sec. 4713; R. S. 1909, Sec. 4817; State v. Karnes, 51 Mo. App. 293; State v. Daniel, 40 Mo. App. 356; Hauser v. Steiger, 137 Mo. App. 564, 565; Brown v. Wintsch, 110 Mo. App. 270, cases cited; State v. Fenn, 112 Mo. App. 531; State v. Buck, 43 Mo. App. 443.      When taken as a whole the instruction complained of does not take from the jury its function of determining whether or not the language spoken constitutes slander. It is clear this instruction is merely advisory and not peremptory. This theory is further borne out by instruction number three given by the court at the request of the defendant, which tells the jury that they are the judges of the law as well as of the facts, and are not required to accept the instructions of the court as conclusive of the law. State v. Simpson, 136 Mo. pp. 666; Section 4817 R. S. Mo. 1909; Hauser v. Steigers, 137 Mo. App. 565.

FARRINGTON, J.—The appellant was convicted in the circuit court of Stoddard county on an information charging him with having unlawfully, falsely and maliciously charged and accused one Eva G. Pentacost of fornication, "by then and there falsely speaking of, and concerning her, the said Eva G. Pentacost, in the presence and hearing of Milo Castleman, Charley McMillan, Frank Asa, James Young, Frank Fowler and divers other persons to the prosecuting attorney unknown . . . the following false and slanderous words, imputing to the said Eva G. Pentacost the act and offense of fornication, that it to say, 'We saw her,' meaning the said Eva G. Pentacost, 'and Chester Bridges holding sexual intercourse together with each other.' "

Instructions numbered 1 and 3 given on behalf of the State are as follows:

"1. The court instructs the jury that if you believe and find from the evidence that at the county of Stoddard and State of Missouri, within one year prior to September 1, 1913, the defendant, James Westbrook, did, in the presence and hearing of Milo Castleman, Charley McMillan, Frank Asa, Frank Fowler or either of them, falsely, and maliciously charge and accuse Eva G. Pentacost of fornication by then and there in the presence of and hearing of Milo Castleman, Charles McMillan, Frank Asa, Frank Fowler, or either of them, falsely, maliciously speaking of and concerning the said Eva G. Pentacost, in a conversation then and there had, concerning the character and reputation of the said Eva G. Pentacost for virtue and chastity, the following words, towit: 'We saw her and Chester Bridges holding sexual intercourse together with each other,' or words substantially the same, the said James Westbrook then and thereby falsely and maliciously charging and intending to charge the said Eva G. Pentacost with, and accuse and impute to her, the act and offense of fornication, by then and there having illicit sexual intercourse with the said Chester Bridges. Then the jury should find the defendant guilty of slander as charged in the information, and assess his punishment at imprisonment in jail for a term of not exceeding one year, or a fine of not exceeding $1000 or by both imprisonment in jail and by a fine not exceeding the above limit in each instance. And the court further instructs the jury that by the term 'maliciously,' as used in the instructions and information, is not meant necessarily either ill will, hatred or spite, but means the intentional doing of a wrongful act without just cause or excuse.

"3. The witness, Chester Bridges, was asked if he had stated to one Claud Jarrell that he had felt the legs and breasts of the said Eva G. Pentacost, and the

said Chester Bridges denied that he had made such statement—witness, Jarrell, testified that he had made such statement to him. Now if you believe that said Bridges made such statement to said Jarrell, you may take such contradiction into consideration and give it such weight as you may deem it entitled to receive in determining the credibility of such Bridges as to the remainder of his evidence given before you by the witness, Bridges, and such testimony as to said contradiction is not competent for any other purpose in this case."

The record before us contains numerous errors.

Without detailing the conversations and reproducing the language used by the witnesses on behalf of the State in relating what the defendant did say to them with reference to Chester Bridges and Eva G. Pentacost, it is enough, so far as this opinion is concerned, to state that no single witness throughout the entire record testified that the defendant used the words charged in the information or any substantial number of the words used to sustain the charge made. They did testify to conversations with defendant from which it would be reasonably inferred that he stated that he had seen Chester Bridges and Eva G. Pentacost in the act of having sexual intercourse, but the words sworn to by the witnesses as having been used by the defendant were merely the equivalent and not the words actually charged in the information to have been used nor any of the words charged in the information.

It has been so long the settled rule in this State, both in criminal and civil trials, that there is a variance where the proof fails to show that substantially the same words were used by the accused as he is charged with having used, that it will require a mere reference to the decisions to sustain the ruling we make. In the opinions it is pointed out that to substantially sustain the charge means that substantial proof of the identical words or enough of the identical words as

will support a charge is necessary. Equivalence will not do; there must be enough of the *same* words. This rule is found stated in the following cases: State v. Fenn, 112 Mo. App. 531, 86 S. W. 1098; Conran v. Fenn, 159 Mo. App. 664, 140 S. W. 82; Coe v. Griggs, 76 Mo. 619; Christal v. Craig, 80 Mo. 367; Noeninger v. Vogt, 88 Mo. 589; Berry v. Dryden, 7 Mo. 324; Street v. Bushnell, 24 Mo. 328; Birch v. Benton, 26 Mo. 153; Bundy v. Hart, 46 Mo. 460; Mix v. McCoy, 22 Mo. App. 488; Wood v. Hilbish, 23 Mo. App. 389; Hauser v. Steigers, 137 Mo. App. 560, 119 S. W. 52; Kunz v. Hartwig, 151 Mo. App. 94, 131 S. W. 721; Parsons v. Henry, 177 Mo. App. 329, 164 S. W. 241; Crandall v. Greeves, 170 Mo. App. 638, 168 S. W. 264; Lemaster v. Ellis, 173 Mo. App. 332, 158 S. W. 904.

Appellant charges that instruction number 1 is faulty in several particulars: (1) That it invades the province of the jury because section 4821, Revised Statutes 1909, provides that the jury under the direction of the court in slander cases shall determine the law and the fact. (2) That on reading the instruction it is found that the jury was told on the finding of certain facts to return a verdict of guilty. (3) That this was a peremptory charge. (4) That the instruction pretended to cover the whole law of the case, and that the jury might well have found defendant guilty and never looked at another instruction given in the case.

A discussion of this subject is found in Sands v. Marquardt, 113 Mo. App. 490, 87 S. W. 1011; State v. Simpson, 136 Mo. App. 664, 118 S. W. 1187; Arnold v. Jewett, 125 Mo. 241, 28 S. W. 614; Heller v. Pulitzer Pub. Co., 153 Mo. 205, 54 S. W. 457; and State v. Powell, 66 Mo. App. 598.

There was an instruction given at appellant's request telling the jury that it was the judge of the law and fact in this character of cases and that it was not bound to find as the judge directed.

However logical appellant's argument may be considered, the Supreme Court in the case of State v. Armstrong, 106 Mo. 395, 16 S. W. 604, approved instructions given as these were, which of course is binding on us.

The instruction is defective because it authorized a conviction if the jury found that defendant spoke the words "or words substantially the same." It is the charge and the proof thereof which must substantially correspond and not the words.

Again, there was no evidence whatever that defendant ever spoke the words charged in the information, and the instruction should not have been given because there was no evidence upon which to base a finding of guilty.

Instruction number 3 was a singling out of testimony and a comment thereon and should not have been given. [Dungan v. Railroad, 178 Mo. App. 164, 165 S. W. 1116.]

The charge was that these words were spoken then and there in the presence of some four or five men. The proof shows that at no time were all of these witnesses or in fact more then any two of them present when the story told them by the defendant was related. One was told at a barn, another at some other place and another at still some other place. Appellant contends that the proof did not sustain the charge in this respect; that where a slander is uttered to different persons at different places, each utterance is a separate offense, and that one charged with such offenses should be charged in separate counts. Without deciding this point we will say that the better and safer practice, at least, would require that the several conversations be separately stated. [Brown v. Wintsch, 110 Mo. App. 264, 84 S. W. 196; Schmidt v. Bauer, 60 Mo. App. 212; Adams v. State (Tex.), 138 S. W. 117.] In the case last cited it was pointed out that the admission of testimony showing separate offenses was admissible only

for the purpose of showing motive and intent and that the jury should have been so instructed.

It was admitted by the prosecuting witness and the witness Bridges that they were at a place in a road in a buggy on the date the witnesses for the defendant say they were there. All agree that a scuffle occurred in the buggy between Bridges and the prosecuting witness. Bridges and the prosecuting witness say the scuffle was over a card and a ring. The witnesses for defendant say the scuffle was over an entirely different thing. The issue was sharply drawn on this point and the testimony irreconcilably conflicting.

This case involves a serious question concerning the character of two persons, one the prosecuting witness and the other this defendant, and before guilt can be stamped upon the accused he must have been accorded a fair trial under the law of this State as guaranteed to him by the Constitution and statutes and decisions together with the evidence adduced. He did not get a fair trial so far as the law is concerned. The judgment is therefore reversed and the cause remanded. *Sturgis, J.,* concurs. *Robertson, P. J.,* concurs herein, but without changing his views as to the application of the law in the case of Lemaster v. Ellis, 173 Mo. App. 332, 158 S. W. 904.