## KIENE v. RUFF.

Where all the evidence produced on the trial, is not brought up to the Supreme Court, the presumption in that court, is in favor of the correctness of the finding in the court below.

Where, in an action for libel, the evidence showed, that the letter containing the libelous matter, was written in Dubuque, and in the German language, and that the defendant gave it to a third person to transcribe, and that the transcript made by that third person, was forwarded from Dubuque to Switzerland; *Held*, 1. That a publication in Iowa was sufficiently proved. 2. That the cause of action did not arise in a foreign country. 3. That it was not necessary for the plaintiff, to entitle him to recover, to show that the person to whom the letter was sent, understood the German language. 4. That it was not necessary for the plaintiff to allege in his declaration, that the person to whom the letter was directed, was a German, by birth or education, or that he understood the German language, in order to entitle him to offer the letter in evidence. 5. That the proof of a publication of the letter in Switzerland, was only necessary for the purpose of enhancing the damages.

In an action for libel, where the declaration does not aver that the person by whom the libelous matter was received, understood its meaning, but avers that certain words were written and published; and where the defendant does not make the want of this averment a ground of demurrer, the averment of publication, after verdict, must be held sufficient; and particularly so, under section 1758 of the Code, which provides, that no variance, error, or defect, shall be deemed material, unless the court is satisfied that the objecting party will be prejudiced by disregarding it, or by allowing it to be amended.

There can be no *publication*, unless the libelous matter is made to be understood.

Kiene v. Ruff.

*Appeal from the Dubuque District Court.*

This was an action for the publication of a libel, commenced by Kiene against Ruff. The libel was contained in a letter written at Dubuque in this state, and there copied for the defendant, and there mailed, addressed to one Spracher, in Switzerland, which was received by said Spracher. The petition sets out the letter in the German language, a translation of which reads as follows:

"GALENA, October 5th, 1850.

" Worthy friend:—Because in my conscience, I yet feel so much duty as a man, therefore I find myself induced to some lines of warning, for a cheater who will soon be among you from America, *Peter Kiene*, a name at which every one shudders to mention him; such an one as amongst you would probably be called Schinderhans. Yet worse, that one cheated only one class; but this one, every one who comes in his hands. He has never labored, and will not labor, *and laughs at any one who honestly earns his bread by labor*. People shun him like an evil spirit, to avoid being cheated; therefore he is obliged to leave this region, to seek his luck elsewhere; so he has let himself be published in the public papers. Whoever may have money or other matters to transact in Switzerland, and the neighborhood, to intrust it with him, and so also again, to America. People who do not know such a man, he *has a smooth tongue*, might easily intrust him money or otherwise, and therefore be cheated; or if any one had a desire to travel to America, they might confide themselves to him as an experienced man, and would certainly run a danger; for he spares no man, not his father; and no deed is too bad for him. They know him many miles round in this region; every honest Swisslander is ashamed to be his countryman, and every one is glad that he is gone —also his brothers. He will never stay in this region again, even should he return. As a good acquaintance of the Swiss here, I send you this writing! with the wish that it

may be made known as much as possible, that every one. may guard himself. In the meantime, I will conceal my name; afterwards, you will learn who I am. I was at all events run in contact with this individual. I will close my writing, with the consciousness of having done good work, in warning people of danger. Your friend greets you many times."

The petition was demurred to by the defendant, for the reasons, that the publication was made in a foreign country—that the words were not actionable—and that the cause of action was not set forth ; which demurrer being overruled, the defendant answered, denying the writing and publication. The petition does not aver, that the person.to whom the letter was directed, understood the German language. The judge of the District Court having been of counsel, the cause was submitted for trial to referees, who awarded the plaintiff the sum of two hundred dollars. Upon the return of the award of the referees into court, the defendant moved in arrest of judgment, and for a new trial, which motion was overruled, and thereupon judgment was entered for the plaintiff. The defendant appeals. The other facts, material to an understanding of the decision of the court, are sufficiently stated in the opinion.

*Thos. S. Wilson* and *L. A. Thomas*, for the appellant.

*James Burt*, for the appellee.

ISBELL, J.—The counsel for the defendant have insisted at great length, in this case, that the cause of action accrued in a foreign country, and that, therefore, it can be maintained only on the comity of nations ; and that in order to do this, plaintiff must show affirmatively, by the laws of the foreign country, that the acts charged to have been committed by the defendant, constitute an injury for which the courts of that country can afford redress. Several specifications of error, all going to this end, are relied upon; but we are unable to see that the questions involved in them, arise upon the

record. The declaration charges a writing and publication in Dubuque, in the state of Iowa, as well as a publication in Switzerland. All the evidence is not pretended to be before this court. In this state of the case, the presumption is in favor of the correctness of the finding, and hence we would be justified in presuming that proof of a publication in Dubuque, was properly adduced. But we are not left to presumption. Enough of the evidence is before the court, to show affirmatively, that a publication in Iowa was proved. The testimony of Wildput, who is found by the referees as worthy of credit, shows satisfactorily, that defendant furnished a copy of the libelous matter for him to transcribe. The transcript made by the witness, was the copy forwarded from Dubuque to Switzerland. If this witness understood the German language, and that he did understand it, from the evidence, before us, we have no doubt, we fail to see why there was not a complete publication in Iowa. In the case of *Baldwin* v. *Elphinstone*, in the exchequer, 2 Bl. 1037, in considering the question, after verdict, whether the allegation that the defendant *printed and caused* to be printed in the St. James Chronicle, was equivalent to a charge of having *published* the alleged libel, it was held unanim●●●ly by the justices and barons of the exchequer, that it w●●●, and in doing so, they laid stress upon the words, caused to be printed, because they contemplated the calling in of " a third person as agent, to whom the libel must have been communicated." In the case before us, Wildput being procured to copy the libelous matter, was clearly an agent to whom the libelous matter was communicated.

In the case of *The King* v. *Burdett*, 5 Bac. Abr. 319, citing 3 Barn. & A. 717, the question of what shall amount to a publication, was fully discussed, and it was held (Bailey, J., doubting), that a defendant, writing and composing a libel in one country, with intent to publish, and afterwards publishing it in another, may be indicted in either. And, also, that a delivery of a sealed letter, containing a libel, at the post office, is a publication there. But we are not required to go the length of this authority, in sustaining the case before us.

We conclude, therefore, that the assumption that the cause of action arose in a foreign country, is not well founded, and that all the specifications of error based on this foundation, must fail.

Again : it is insisted, that plaintiff, in order to sustain his case, must show by proper evidence, that Spracher, the person to whom this libelous letter was directed in Switzerland, understood the German language. In this, we do not concur. It was necessary that the referees should be satisfied from the evidence, that the language in which the libel was couched, was understood by some person to whom it came in Switzerland, to entitle plaintiff to any damage for a publication there. But we do not hold, that it was necessary to show that Spracher understood the German language, to entitle plaintiff to recover.

It is also assigned as error, and insisted upon, that plaintiff, having failed to allege in his declaration, that the person to whom said letter was sent, was a German by birth, or education, or that he understood the German language, he was not entitled to produce the letter in evidence. If this specification of error is intended to be insisted upon, in terms as stated, it is already sufficiently answered; for it was not essential to a recovery, that "*the person to whom it was sent,*" in Switzerland, understood the German language, if there was a complete publication before sending it. Under the view we take of the case, the proof of a publication in Switzerland, was necessary for the purpose of enhancing damage only. But counsel for defendant, in their argument, have taken a much wider range than is covered by the assignments of error. They have treated this assignment as though it were, that the court erred by permitting the letter to be read in evidence, without an averment in the declaration, that some person to whom it came understood its meaning. To allow it to be *read in evidence,* under the state of the pleadings, we do not regard as error. No variance is relied upon between the letter and the matter set out in the declaration. Certain words are averred to be written and published, and the writing is produced to prove them. It would

be quite another question, whether proof might be adduced to show, that those to whom the letter came, understood it. But no question is raised as to the introduction of testimony to that end; but rather the objection is, that such evidence was not furnished. Again, it would be a different question, whether the declaration was demurrable for the want of this averment. But, although defendant demurred to the declaration for another cause, he failed to do so for this. Again, it is still another question, whether *judgment should be arrested*, for the want of such averment.

While it has been held, that if words are *spoken* in a foreign language, it will be good in arrest, that there is no averment that the hearers understood them (1 Starkie on Slander, 361); and that a nonsuit was properly granted where the words were charged in the English language, and it turned out on proof that they were spoken in German (*Warmouth* v. *Cramer*, 3 Wend. 395); yet these were cases of verbal slander. There is a substantial difference in this respect, we apprehend, between such publishing of words, which must die with the breath that gives them utterance, in case they are not understood, and written slander, which lives, and continues to be susceptible of being understood, until the document containing it shall be destroyed. We are not prepared to hold, in the absence of direct authority, that in a civil case, such a publication as is charged in this case, to wit, to the injury of plaintiff, is after verdict insufficient. The substance of the declaration is, that defendant published the writing containing the words set forth in the declaration, to plaintiff's injury. Having taken issue on this, without objection, for the want of such averment, we think it is too late to set it up now, particularly, as our statute provides, that no variance, error, or defect, shall be deemed material, unless the court is satisfied that the objecting party will be prejudiced by disregarding it, or by allowing it to be amended. Code, § 1758. There can be no publication, unless the libelous matter is made to be understood. At least, then, after verdict, we think that the averment of publication, should be held sufficient.

Finally, counsel have insisted, that no injury accrued from this publication, because the character of *Schinderhans.* is held in two estimations—one good, and the other bad. We are satisfied that, without the matter comparing the plaintiff to this individual, the publication was clearly libelous; and from the tone of the whole letter, there can be no two opinions, among all who may read the communication, as to whether the writer intended the good or bad sense.

The judgment is affirmed.