## MIELENZ v. QUASDORF.

1. **Libel**: EVIDENCE OF PUBLICATION: LETTER IN GERMAN. In order to prove the publication of a libel contained in a letter written in the German language, it must be shown that it was read by some one, other than the plaintiff, who understood the German language.

2. **Practice in Supreme Court**: EVIDENCE: DEFECTIVE ABSTRACT. Where appellant's abstract purports to contain all the evidence, it will be taken as true, unless the appellee not only denies it, but in an amended abstract sets out the evidence which he claims has been omitted.

3. **Libel**: CHARGE OF LARCENY: EVIDENCE IN JUSTIFICATION. It was not larceny for plaintiff, while acting as housekeeper for her uncle, (the defendant,) who was a widower, to give away to a poor woman, partly as compensation for services and partly in charity, some outgrown childrens' clothing, where it was done openly: and evidence of such giving *held* not to show a justification for a charge of larceny in an action for libel.

4. ——: PLEADING FACTS IN MITIGATION: ISSUE. While, in one sense, facts pleaded in mitigation in an action for libel do not constitute a defense, yet, since under Code, § 2682, such facts must be pleaded in order to entitle defendant to introduce evidence of them, the plea must be regarded as tendering an issue which the court should present to the jury.

5. ——: WORDS ACTIONABLE PER SE: EXTRINSIC EVIDENCE OF MALICE. In a libel suit founded on words actionable *per se*, evidence tending to show that the words were privileged tended also to show that they were spoken without malice, and in such case it was proper to allow plaintiff in rebutting to show malice by extrinsic evidence, such as by letters written to her by defendant.

*Appeal from Franklin Circuit Court.*

FRIDAY, APRIL 23.

THIS action was brought by the plaintiff, Minnie Mielenz, to recover damages alleged to have been sustained by reason of defamatory words spoken by the defendant, and also damages alleged to have been sustained by reason of defamatory words published in writing by the defendant. There was a trial to a jury, and a verdict was rendered for $1,250. Judg-

ment having been rendered upon the verdict, the defendant appeals.

*Nagle & Birdsall*, for appellant.

*Taylor & Evans*, for appellee.

ADAMS, CH. J.—I. The defendant wrote and mailed to the plaintiff's husband a letter in the German language, in

**1. LIBEL: evidence of publication: letter in German.** which he stated as follows: "Your wife has stolen all our bedding, and my calico, sheeting, ticking, toweling, gloves, shirts and girls' dresses. * * * I lay my damages at thirty dollars." there was no direct evidence that the letter was received by the person to whom it was written, but it came in some way into the hands of his brother, and was by him delivered to the plaintiff. Whether the husband or his brother could read the German language does not appear, nor is there any evidence that the letter, prior to the time when it came into the plaintiff's possession, was seen by any one who could read it. If it was in fact not read by any one, it is manifest that the plaintiff's character was not injured by it. The defendant insists that there was no evidence of the publication of the alleged libel, and asked the court to instruct the jury to that effect. The court refused the instruction, and the refusal is assigned as error. The plaintiff admits that, to justify a recovery of damages by reason of the letter, it should appear that the letter was read by some one other than the plaintiff, but she insists that there is enough shown to raise a presumption that it was. Besides, she insists that it does not appear that all the evidence introduced is contained in the defend-

**2. PRACTICE in supreme court: evidence: defective abstract.** ant's abstract. Upon the last point we have to say that the defendant's abstract purports to contain all the evidence, and, though the plaintiff denies that it does, we cannot take notice of such denial. If evidence was omitted upon which she relies, her only remedy was to set it out in an additional abstract.

The evidence of publication relied upon is the mailing of the letter. It is insisted that this is sufficient. Language may be found in Starkie, Sland. & Lib., § 532, which might seem to support the plaintiff's position, but we have to say that we think it applicable only to a case where the letter is written in the English language. In *Kiene v. Ruff*, 1 Iowa, 482, the libelous letter was written in the German language to a person in Switzerland. It was said that it was necessary that it should appear that the letter was read and understood. by some one to whom it came in Switzerland, to entitle the plaintiff to recover damage for publication there. We are of the opinion, then, that the evidence failed to show a publication, and that the instruction asked should have been given; also that the fifth instruction given, based upon the assumption that there was evidence of publication, should not have been given.

II. The defendant complains that the court failed to set out in its instructions one of the issues in the case, to-wit, an issue made by a plea of justification of the words spoken. The plaintiff denies that there is such plea. The plaintiff clearly enough pleaded a justification of the words written, but whether he pleaded a justification of the words spoken is not clear. We do not regard it as necessary, however, to determine the question raised, because, if there shall be another trial the defendant will probably amend and frame his pleadings in such a way as to remove all doubt.

III. The defendant asked an instruction in these words: "If you find from the evidence that the plaintiff, without the knowledge or consent of the defendant, took any of his property, and gave it to other persons, with intent that they should appropriate it to their own use, and that they did so appropriate it, she would be guilty of larceny, and cannot recover in this action, and your verdict should be for the defendant" The court refused to give the instruction, and the defendant assigns the refusal as error. The evidence shows that the plaintiff is a niece of

3. LIBEL: charge of larceny: evidence in justification.

the defendant, and lived for many years in his family as his housekeeper, during which time he was a widower. While she was thus acting in the capacity of housekeeper, she gave a poor woman in the neighborhood a small quantity of outgrown childrens' clothing. The woman had rendered some assistance in the defendant's family, and the clothing was given partly in compensation, and partly as an act of charity. The court instructed the jury, in substance, that such a gift, under the circumstances, if made openly, would not constitute larceny. In this it appears to us that the court did not err, and, if not, it follows that the instruction asked was properly refused. It is true that an employe does not have, by virtue of his employment, any implied authority to give away his employer's property. Possibly the plaintiff, in doing what she did, was guilty of a wrong, and became liable for the value of the articles given away, but it seems very clear that she was not guilty of a felonious intent. She doubtless assumed that what she did would be regarded as of no consequence by the defendant, or would be agreeable to his feelings and wishes.

IV. The defendant pleaded certain facts which he asked to be considered in mitigation of damages. The facts were

4. ——:
pleading facts in mitigation: issue.

that, while the plaintiff was living in his family, certain articles of household goods disappeared; that when the plaintiff left she took with her a large box and trunk, and that he was credibly informed that she took with her the missing household goods. He also pleaded some other facts of the same character, all tending to show that the defendant had some ground to believe that the plaintiff stole his goods; and he averred that he had reason to believe and did believe that she stole his goods, and so spoke and wrote what he did without malice. The court, in its instructions to the jury, though referring to other pleadings, did not refer to this, and so the defendant claims that the court did not state all the issues to the jury, and assigns its omission in this respect as error. The defendant relies

upon *Potter v. Chicago, R. I. & P. R'y Co.,* 46 Iowa, 399, in which case it was held that, if the trial court undertakes to state the issues, it must do so fully. The plaintiff contends that facts pleaded in mitigation do not constitute a defense, and so, as to them, there is no issue within the meaning of the Code. To this we have to say that while, in one sense, facts pleaded in mitigation do not constitute a defense, yet as under our Code, section 2682, facts relied upon for mitigation must be pleaded to entitle the defendant to introduce evidence of them, it appears to us that we ought to regard the plea as tendering an issue.

It is said by the plaintiff, however, that under the eighth instruction given the jury must have found adversely to the defendant upon the facts pleaded in mitigation, and so the omission, if error, was without prejudice. But the eighth instruction given pertained to matters set up for the purpose of showing that the words were privileged, and that the plaintiff was not entitled to recover anything. The finding of the jury, therefore, that the words were not privileged, was not a finding that the facts pleaded in mitigation did not exist.

A more difficult question arises when we come to consider whether the facts pleaded in mitigation were of such kind that they were entitled to be considered in mitigation. The facts were pleaded for the purpose of showing that the defendant had reasonable ground to believe that the facts spoken and written were true. In *Houghton v. Field,* 2 Cush., 141, it was held that such evidence is not admissible. METCALF, J., said: "The damages in an action of slander are to be measured by the injury caused by the words spoken, and not by the moral culpability of the speaker." Where a person states as true, to the injury of another, what he does not know to be true, but what he only supposes to be true, there is manifestly some reason for holding, if what he stated is not true, that he should not be allowed to show the ground of his supposition in mitigation. But upon this point there

is a conflict in the decisions, and, as the question was not raised below, nor argued by counsel in this court, and as it is not necessary to determine it, we omit to do so. The case must be reversed for other reasons. If there shall be another trial, and the plaintiff's counsel shall see fit to raise this question, it will doubtless be argued upon both sides with the learning and ability characteristic of the counsel.

V. The court admitted in evidence certain letters addressed to the plaintiff herself, about the time of the alleged slander and libel. These letters accused the plaintiff of stealing, and contained much abusive and shameful language. Being addressed to the plaintiff, they do not constitute libels of course, and do not afford independent grounds for the recovery of damages. They were introduced merely for the purpose of showing the malice of the defendant. Whether they were admissible even for that purpose the writer finds some difficulty in determining. The words spoken and the words written were actionable *per se*, and implied malice. By proof of the words the plaintiff proved malice, and there is some doubt in the writer's mind whether other evidence of malice was admissible, unless the defendant introduced evidence tending to disprove malice, as that the words were privileged. But upon this point there appears to be a conflict in the decisions, and in the view which we take of the case we do not find it necessary to determine it.

*5. ——:*
*words action-*
*able per se:*
*extrinsic evi-*
*dence of*
*malice.*

The defendant pleaded certain facts as showing that the words were privileged, and, while we have some doubt in regard to the sufficiency of the plea, it seems to have been regarded both by the court and the plaintiff's counsel as sufficient, and evidence was admitted under it. The case, then, was tried upon the theory that there was some evidence properly in the case tending to show that the words were privileged. Such evidence, of course, upon the theory upon which the case was tried, tended to show a want of malice. Now, the defendant having relied upon showing a

want of malice, it was competent for the plaintiff to show malice by the introduction of the abusive and shameful letters. The fact that words are privileged is only presumptive evidence of a want of malice, and the plaintiff may show by extrinsic evidence that there was malice nevertheless. *Elam v. Badger*, 23 Ill., 498; *Gassett v. Gilbert*, 6 Gray, 94; *Warner v. Paine*, 2 Sandf., 195. Under the circumstances of the case, then, we cannot say that the court erred in admitting the letters.

For the errors before pointed out the judgment must be

