## JAMES V. CONRAN, Respondent, v. BERTRAND F. FENN, Appellant.

St. Louis Court of Appeals, September 30, 1911.

1. **APPELLATE PRACTICE: Attachment: Appeal by Defendant: Scope of Review.** In a suit where an attachment is issued and the judgment on both the attachment and the merits are for the plaintiff, an appeal by the defendant presents both matters for consideration, under section 2335, Revised Statutes 1909.

2. **ATTACHMENT: Grounds: Criminal Slander.** Under section 4817, Revised Statutes 1909, which denounces as a misdemeanor the false and malicious speaking by one person of another of words imputing a felony, an affidavit for attachment which alleges that defendant, maliciously intending and contriving to scandalize plaintiff and bring him in disrepute, did unlawfully, falsely and maliciously charge plaintiff, in the presence of a named person, with having forged a deed, states a sufficient ground for attachment under the twelfth subdivision of section 2294, Revised Statutes 1909.

3. ———: ———: ———: **Proof.** In order to sustain an attachment, under the twelfth subdivision of section 2294, Revised Statutes 1909, predicated on the charge that defendant had falsely and maliciously spoken to another, of and concerning plaintiff, words imputing the commission of a felony, it devolves upon plaintiff to prove the slanderous words set forth or enough of them to constitute the charge laid.

4. **LIBEL AND SLANDER: Variance: Proof.** In an action for slander, if the words charged to have been spoken are proved, but with the omission or addition of others not varying the

sense, the variance is immaterial; but it is not enough that the words proved are of equivalent meaning—they must be substantially the same words charged, or enough of them to convey the poison involved.

5. ————: Criminal Slander: Charging Forgery: Sufficiency of Evidence. In an action for slander, in which it was alleged that defendant had charged plaintiff with having forged a deed, evidence that defendant had stated that a recorded deed, in which plaintiff was the grantee, was a forgery was insufficient to support the action, since such statement in no manner suggested that plaintiff was the forger.

6. ATTACHMENT: Criminal Slander: Sufficiency of Evidence. In an action in which an attachment was issued, evidence held insufficient to warrant the submission to the jury of a ground of attachment predicated on the charge that defendant had stated plaintiff was guilty of forging a deed.

7. ————: ————: Injuries from Misdemeanor: Necessity of Damages Resulting to Plaintiff. To authorize an attachment under the twelfth subdivision of section 2294, Revised Statutes 1909, damages must have accrued to the plaintiff on account of the commission of the offense charged to have been committed; the mere commission of the offense by defendant being insufficient, if no damages resulted therefrom to the plaintiff.

8. ————: ————: ————: Affidavit: Pleading. To authorize an attachment, under the twelfth subdivision of section 2294, Revised Statutes 1909, on the ground the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, the petition in the principal action must allege a cause of action for damages arising from the commission of such felony or misdemeanor; and, as to this matter, the sufficiency of the affidavit may be determined by reference to the petition.

9. MALICIOUS PROSECUTION: False Imprisonment: Pleading: Sufficiency of Petition. A petition alleging that defendant, for the purpose of blackmailing plaintiff, pursuant to a conspiracy between defendant and another, circulated false statements regarding plaintiff, and threatened him with arrest and indictment to various acquaintances of plaintiff, and, by false statements, procured an indictment of plaintiff for forgery, well knowing that he was not guilty of the charge, does not state a cause of action for malicious prosecution or false imprisonment.

10. CONSPIRACY: Civil Liability: Injuries Resulting to Plaintiff Essential: Pleading. The gist of a civil action for damages arising from a conspiracy is the injury done to plaintiff, and not the conspiracy to do it; and hence a petition which merely

alleges that defendant and another conspired, and, pursuant thereto, defendant aided such other in a fraudulent marriage ceremony for the purpose of defrauding plaintiff of his rights in property, but which does not show how he was defrauded, does not state a cause of action.

11. **ATTACHMENT: Fraudulent Conveyance of Property: Evidence.** Where the affidavit in attachment, under the seventh subdivision of section 2294, Revised Statutes 1909, alleged that defendant fraudulently conveyed his property on and prior to a certain date, a deed, claimed to have been fraudulently executed by defendant to hinder and delay his creditors two days after such date stated in the affidavit, was not admissible in evidence.

12. ————: ————: **Sufficiency of Evidence.** Evidence *held* sufficient to support a ground of attachment predicated on the seventh subdivision of section 2294, Revised Statutes 1909, authorizing an attachment where defendant has fraudulently conveyed his property so as to hinder or delay his creditors.

13. **INSTRUCTIONS: Not Predicated on Evidence.** It is error to give an instruction submitting a theory not warranted by the evidence.

14. **ATTACHMENT: Fraudulent Conveyance of Property: Essential Facts: Instructions.** To authorize an attachment under the seventh subdivision of section 2294, Revised Statutes 1909, there must be both a fraudulent intent on the part of the debtor and the effect of the conveyance as well must be to hinder or delay his creditors, and hence an instruction authorizing a finding for plaintiff if the "object or effect" of the conveyance was to defraud, hinder or delay creditors, was erroneous.

15. ————: **Fraudulent Disposition of Property: Subdivision of Statute Applicable.** No two of the fourteen separate specifications set forth in section 2294, Revised Statutes 1909, as grounds for attachment contemplate the same subject matter; and subdivision eight, authorizing an attachment where defendant has fraudulently disposed of his property so as to hinder or delay his creditors does not apply to conveyances of property, subdivision seven only applying thereto.

16. **LIBEL AND SLANDER: Pleading: Misjoinder.** A petition, in an action for slander, which sets out in one count a number of separate slanders spoken at different times, in different places, and to different persons, is bad pleading; each separate statement being a separate cause of action. ..

17. ————: **Criminal Slander: Pleading: Sufficiency of Petition.** A petition, in an action for slander, which charges that de-

fendant stated that a certain deed was a forgery, does not state a cause of action, since it omits to impute the fact of forgery to plaintiff or anyone else, and the words do not imply it.

18. **APPELLATE PRACTICE: Pleading: Joinder of Sufficient and Insufficient Allegations: General Verdict.** Where a number of distinct slanderous words, constituting separate causes of action, are alleged in one count of the petition, if some of the words alleged do not constitute a slander, a general verdict for plaintiff must be reversed, although some of the slanders alleged constitute a cause of action.

Appeal from St. Genevieve Circuit Court.—*Hon. Charles A. Killian,* Judge.

REVERSED AND REMANDED.

*H. A. & C. R. Hamilton* and *Bert F. Fenn* for appellant.

(1) The gist of an action for slander, is the speaking of the alleged slanderous words. If the evidence fails to establish that defendant spoke the exact words alleged to have been spoken, or fails to prove enough of the same identical words to make out the slander charged, the court should direct a verdict for defendant. In plaintiff's affidavit for attachment, defendant is charged with the commission of a misdemeanor in speaking of plaintiff, in New Madrid county, the words, "He forged that deed." There was a complete failure of proof on this issue and the court should have directed a verdict for defendant on the first ground of attachment. Watson v. Musick, 2 Mo. 29; Cooper v. Marlow, 3 Mo. 188; Berry v. Dryden, 7 Mo. 324; Street v. Bushnell, 24 Mo. 228; Birch v. Benton, 26 Mo. 153; Attebery v. Powell, 29 Mo. 429; Coghill v. Chandler, 33 Mo. 115; Bundy v. Hart, 46 Mo. 460; Clements v. Maloney, 55 Mo. 352; Coe v. Griggs, 76 Mo. 619; Christal v. Craig, 80 Mo. 367; Lewis v. McDaniel, 82 Mo. 577; Noeninger v. Vogt, 88 Mo. 589; Nicholson

v. Rogers, 129 Mo. 136; Mix v. McCoy, 22 Mo. App. 488; Smith v. Bauer, 60 Mo. App. 212; Butts v. Long, 94 Mo. App. 687; Krup v. Corley, 95 Mo. App. 640; State v. Fenn, 112 Mo. App. 531; Newell on Sl. and Lib. (2 Ed.), pp. 804-805; Townsend on Sl. and Lib. (4 Ed.), sec. 365; Starkie on Sl. and Lib. (Wendell's Ed.), vol. II, p. 12.  (2) The use of slanderous words without referring to any particular individual, creates no cause of action against defendant, and it must be both alleged and proved that the slander was spoken of and concerning plaintiff, and was so understood by those who heard the same. Caruth v. Richeson, 96 Mo. 186.  (3) A communication made bona fide upon any subject in which the party communicating has a duty, is privileged, if made to a person having a corresponding interest, although it contains defamatory matter which without this privilege would be actionable. 18 Am. and Eng. Ency. Law, p. 1029; Townsend, Slander and Libel (4 Ed.), 296; Hancock v. Blackwell, 139 Mo. 440.  (4) An attachment founded on the twelfth subdivision of section 2294, Revised Statutes, 1909, cannot be sustained unless the crime alleged occasions the damage set forth in the petition. The sixth count of the original petition, being the second count of the amended petition, alleges that defendant and others formed a conspiracy to injure him. Conspiracy alone cannot be made the subject of a civil action and said count, failing to state a cause of action will not support on attachment.  Bigelow on Torts, p. 104; Cooley on Torts (2 Ed.), p. 143; 6 Am. and Eng. Ency. Law (2 Ed.), 873; Hunt v. Simonds, 19 Mo. 583; Boss v. Mineral Land Co., 162 Mo. 317; Remmers v. Remmers, 217 Mo. 541.  (5) (a) The second count of the amended petition is not sufficient as an action for slander, because the speaking of the slanderous words is the gist of such an action and the words used must be set out in the petition. Birch v. Benton, 26 Mo. 153; Coe v. Griggs, 76 Mo. 619; Chris-

tal v. Craig, 82 Mo. 367; Noeninger v. Vogt, 88 Mo. 589; Nicholson v. Rogers, 129 Mo. 136; Smith v. Bauer, 60 Mo. App. 212; Butts v. Long, 94 Mo. App. 687. (b) The constitutive elements of an action for malicious prosecutions are a proceeding instituted without probable cause, with malice and a termination of the prosecution resulting in the discharge or acquittal of defendant. The second count of the amended petition does not allege a prosecution without probable cause, nor does it allege a termination of the proceeding, and it cannot be sustained as an action for malicious prosecution. Newell on Malicious Prosecution, p. 327; Cooley on Torts (2d Ed.), p. 206; Webb's Pollock on Torts, p. 392; Sharpe v. Johnson, 76 Mo. 660; Stubbs v. Mulholland, 168 Mo. 47; Moody v. Deutsch, 85 Mo. 237; Kelley v. Osborn, 86 Mo. App. 239. (c) The second count of the amended petition cannot be sustained as an action for false arrest or false imprisonment. Taafe v. Kyne, 9 Mo. App. 15; Monson v. Rouse, 86 Mo. App. 97; McCaskey v. Garrett, 91 Mo. App. 354; Wehmeyer v. Mulvihill, 130 S. W. Rep. 681; Boeger v. Langenberg, 97 Mo. 390; Finley v. St. L. Ref., Etc., Co., 99 Mo. 559. (d) While said second count alleges that defendant conspired to defraud plaintiff of his property, yet there is no allegation that plaintiff was defrauded of any property, or that any fraud was committed. This count is therefore insufficient as an action for false representation. Lewis v. Brookdale Land Co., 124 Mo. 672; Bispham on Equity (6 Ed.), sec. 217; 14 Am. and Eng. Ency. Law, p 137, 139; Morrison v. Lods, 39 Cal. 381; Meyer v. Yesser, 32 Ind. 294. (6) There can be no conspiracy to do a lawful act. Mrs. M. H. Powell had a right to remarry at any time, and, even if the other contracting party had a license issued under an assumed name, the contract was valid and no one can attack the same, and certainly a stranger to the contract cannot question the marriage. Hunt v. Simonds, 19 Mo.

583; Alexander v. Relfe, 9 Mo. App. 133; 21 Am. and Eng. Ency. Law, p. 312. (7) The bona fide sale and transfer of land by a debtor is not a ground of attachment, and it devolves on the person attacking the sale to prove that the transfer was fraudulently made to hinder, delay and defraud creditors. 14 Am. and Eng. Ency. Law, p. 265; Hickey v. Ryan, 15 Mo. 63; Gates v. Labeaume, 19 Mo. 17; Chandler v. Fleeman, 50 Mo. 239; Dougherty v. Cooper, 77 Mo. 528; Furth Grocery Co. v. May, 78 Mo. App. 323.

*Stanton, Pratt & Whitledge* for respondent.

NORTONI, J.—This is a suit for damages said to have accrued to plaintiff on account of an alleged slander spoken of and concerning him by defendant. The process of attachment is invoked in aid of the principal case and as the finding and judgment on both the attachment and suit on the merits were for plaintiff, the appeal by defendant under our statute (Sec. 2335, R. S. 1909), presents both matters for consideration.

We will first dispose of the questions arising on the trial of the attachment, and afterwards consider the appeal with respect to the merits, or the main case.

By his affidavit for attachment, plaintiff avers four separate grounds therefor. The two first of these predicate upon the twelfth subdivision of section 2294, Revised Statutes 1909, pertaining to attachments, and state that the damages for which the action is brought accrued on account of injuries arising from the commission of a misdemeanor by defendant, while the other two grounds predicate upon the seventh and eighth subdivision of the same statute. One of them goes to the effect, substantially, that defendant has fraudulently conveyed his property so as to hinder or delay his creditors, and the other that defendant has fraudulently concealed, removed or disposed of his property

and effects so as to hinder or delay his creditors. All of these matters were put in issue by defendant's plea in abatement, and a trial thereof was had before the jury. As before stated the first ground for the attachment predicates upon the twelfth subdivision of the statute in that it is alleged that the injury, for which the damages sued for are sought, arose from the commission by defendant of a misdemeanor. The misdemeanor said to have been committed by defendant and from which the damages are said to flow is alleged to be that defendant Fenn, maliciously intending and contriving to scandalize and to bring in disrepute the plaintiff, did unlawfully, falsely and maliciously charge plaintiff, in the presence of one J. F. Gordon, with the crime of forgery. The misdemeanor charged, in short, is criminal slander spoken of and concerning plaintiff by defendant and the slanderous words set forth in the affidavit as those imputing to plaintiff the act and offense of forgery are that "he, Conran (meaning J. V. Conran, plaintiff) forged that deed," meaning and referring to a quitclaim deed from M. H. Powell to J. V. Conran, dated June 8, 1903, acknowledged June 10, 1903, before Lule R. Colvin, a notary public in and for the City of St. Louis. Section 4817, Revised Statutes 1909 denounces as a misdemeanor the false and malicious speaking of words by one person of another which impute a felony, the commission of which would subject such person to disfranchisement and other degrading penalties. There can be no doubt that the charge set forth in the affidavit as having been spoken by defendant of and concerning plaintiff, if substantiated on the trial, would infringe the provision of the statute cited and render the defendant liable to answer for the commission of a misdemeanor. But, in order to sustain the attachment on the ground stated, it devolves upon plaintiff to prove the charge laid; that is to say, it devolves upon plaintiff to prove the slanderous words set forth or enough

of them to constitute the charge laid. The slander proved must substantially correspond with that charged. This rule, it has been repeatedly held by the courts, means that if the words charged to have been spoken are proved, but with the omission or addition of others not varying the same, then the variance is immaterial. It is not enough, however, that the words proved are of equivalent meaning. They must be substantially the same words laid in the affidavit or enough of them to convey the poison involved. [Noeinger v. Voght, 88 Mo. 589; Watson v. Musick, 2 Mo. 29; Townshend on Slander (4 Ed.), sec. 365; State v. Fenn, 112 Mo. App. 531, 86 S. W. 1098.]

To substantiate the charge that defendant spoke of and concerning plaintiff the words "that he forged that deed" in the presence and hearing of J. F. Gordon, plaintiff placed three witnesses upon the stand. Two of them wholly failed to substantiate a single word of the charge as laid. Their evidence is so utterly insufficient as even tending to prove the charge laid, as to render it unnecessary to comment upon it here. The third witness, Mr. Gordon, said he heard a conversation between defendant and one Mal H. Powell about the deed mentioned when they were looking over the deed record in the recorder's office at New Madrid, Missouri, and that one of them denounced the deed as a forgery. When this witness was asked who made this statement, he answered: "Well, I don't know, the statements were mixed up between Mr. Fenn and Mrs. Powell and I can't say just who made the statement." Further on in the examination of this witness, he relates the entire conversation in which it is alleged the defendant spoke the slander complained of: "Q. Well, what was the conversation? A. Well, as well as I remember, the conversation came up— they were examining the records and they were looking for a deed, I believe, to Mr. Fenn, and run across this deed, and he turned around and says to Mrs.

Powell, he says, 'Look here, Mrs. Powell, did you sign this?' And she says, 'No.' Then afterwards the remark that it was a forgery, or something of that kind, came up. Q. Who made the remark about it being a forgery? Mr. More: I object to that because the witness already stated that he didn't know who it was. By the Court: Well, ask him the question. Go on. Mr. More: We except. A. It is my impression that Mr. Fenn made that remark, that it was a forgery." It appears that when the witness is thus pressed, he says no more than it is his impression that the defendant made the remark the deed was a forgery. This may be conceded to be true and still the charge sufficient to support a conviction of a misdemeanor as for criminal slander is not sustained; for, though defendant said the deed was a forgery, this in no manner charged plaintiff with the offense of forging. The words relied upon in the affidavit as the slander are "He (speaking of and concerning the plaintiff) forged that deed." And the mere statement that a deed found to be on record in which plaintiff was grantee is a forgery in no manner suggests that plaintiff was the forger. It appears then that the words proved in support of the first ground of the attachment are neither the same words laid in the affidavit nor enough of them to convey the poison said to be involved in the charge. The court should have directed a verdict for defendant on this ground of the attachment and erred in submitting it to the jury.

The second ground of attachment predicates as well upon the twelfth subdivision of section 2294, Revised Statutes 1909. The twelfth subdivision referred to authorizes an attachment "Where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, or for the seduction of any female." It is to be noted that, as precedent to sustaining the attachment on this

ground, there must be damages accrued to plaintiff on account of the commission of some offense or misdemeanor therein suggested. Though an offense may have been committed by defendant, if no damages are entailed thereby upon the complainant which may be recovered in a civil action, then no ground for attachment on this score appears. The offense charged against defendant in the affidavit for the attachment and as the second ground therefor is, that defendant together with Mal H. Powell conspired and confederated to injure plaintiff by having him indicted for forgery, which they subsequently did, and to defeat his estate in certain lands which plaintiff had purchased from Mal H. Powell by having her enter into a marriage with one Bryant. It seems that by the will of her prior husband, J. E. Powell, an estate in certain lands in New Madrid county had been devised to the widow, Mal H. Powell, during her life, or until her remarriage. This estate Mal H. Powell had conveyed to plaintiff and it is said that she subsequently married Bryant, to the end of terminating plaintiff's rights in the property; but this feature of the case is not sufficiently proved to merit consideration. Be all of this as it may, before the attachment can be sustained on this ground, the petition in the principal suit must reveal a cause of action for damages accruing to plaintiff on account of the commission of some offense contemplated by the twelfth subdivision of the attachment statute, for that subdivision by its plain terms authorizes an attachment only where the damages for which the action is brought are for injuries arising from the commission of some offense therein suggested. Unless, therefore, the petition states a cause of action with respect of such damages, there is no ground on which an attachment of this kind may be founded. As to this matter, the sufficiency of the allegation of the affidavit in attachment may be determined by reference to the petition. [See Deering & Co. v.

Collins, 38 Mo. App. 80.] As before stated, the affidavit for attachment pertaining to the second ground alleged predicates entirely upon damages said to have accrued to plaintiff, because of a conspiracy between defendant and Mal H. Powell with the purpose both to occasion plaintiff's indictment and prosecution for forgery and to defeat his rights with respect to the lands mentioned. Originally there was a count in the petition for malicious prosecution, and this, the third count thereof, proceeded on the matter of plaintiff's indictment, which indictment was subsequently dismissed; but the third count of the petition, pertaining to malicious prosecution on account of the indictment for forgery and its subsequent *nolle prosequi* was dismissed and is not before us for consideration. With this count out of the case, the petition states no cause of action whatever with respect to such conspiracy which authorizes a substantive recovery of damages for plaintiff.

The petition in the main case on its merits, as it stands now and as it was at the trial, consists of two counts. The first seeks a recovery of $5000 actual damages and $50,000 punitive damages on account of several alleged slanders set forth therein, and the second seeks a recovery of $5000 damages on account of the conspiracy referred to.

The second count of the petition relating to the conspiracy mentioned is as follows: "Second. Plaintiff for another and separate cause of action states that on the 10th day of June, 1903, he acquired from one M. H. Powell a life tenancy in and to certain lands in New Madrid county, as appear from said deed, which was on the date aforesaid made, executed and delivered. That afterwards the defendant did enter into a conspiracy with her, the said M. H. Powell and with others to this plaintiff unknown, for the purpose of defrauding him, the said J. V. Conran, in his property rights in and to said property, and for the purpose of

forcing him, the said J. V. Conran, to pay tribute in the way of blackmail or hush money and Fenn, in pursuance of said conspiracy, did circulate false and defamatory statements regarding him, the said J. V. Conran; did threaten him, the said Conran, with arrest and indictment to sundry and various acquaintances of him, the said J. V. Conran, and did by false and untrue statements procure an indictment of him, the said J. V. Conran, by the grand jury of the City of St. Louis on the charge of forgery in the first degree, said charge being based upon the deed made, executed and delivered to J. V. Conran by M. H. Powell on the 10th day of June, 1904; he, the said Fenn, at the time well knowing that he, the said J. V. Conran, was not guilty of the said charge, and having had a reasonable chance to so apprise himself; and in further pursuance of said conspiracy he, the said Bert F. Fenn, did aid, counsel and abet the said M. H. Powell in the fraudulent and unholy marriage ceremony; he did procure a marriage certificate for a man he, the said Fenn well knew to be Percy L. Bryant, under the name of Percy L. Brandt, and assisted at the wedding of him, the said Percy L. Bryant, to her, the said M. H. Powell, at the time well knowing that the said ceremony was a farce; that there was no intention of the parties to maintain the marriage relation, and that the same was done for the deliberate purpose of defrauding the plaintiff; that by reason of said acts of the defendant, the plaintiff has been damaged in the sum of five thousand dollars, for which he prays judgment and for costs."

It is obvious this count of the petition states no cause of action for malicious prosecution, and, indeed, it is not claimed that it does. Neither does it state a cause of action for damages on account of a false arrest, and though it is said therein several slanders were uttered of and concerning the plaintiff, it does not purport to set forth a cause of action for slander.

With the third count of the petition pertaining to malicious prosecution out of the case because of its dismissal as before mentioned, the only substantive wrong which may possibly have operated a cause of action for damages in favor of plaintiff as a result of the conspiracy set forth pertained to his rights in the land in New Madrid county which he purchased from Mal H. Powell. Though the estate which plaintiff purchased from Mal H. Powell was subject to be defeated, as he well knew, upon either her remarriage or death, there is naught in the petition to that effect. There are averments in the petition which go to the effect that defendant and Mal H. Powell conspired and in pursuance of the conspiracy defendant aided and abetted Mal H. Powell in a fraudulent and unholy marriage ceremony whereby she was married to Percy L. Bryant and that this marriage was had for the purpose of defrauding plaintiff, but nothing is disclosed as to how he was defrauded thereby, if defrauded at all. It is now the universal rule of decision that no action will lie for simply conspiring to do an unlawful act. Under the modern view, the conspiracy merges in the commission of the wrong and it of itself is material only to the end of affixing liability against others when a substantive wrong has been perpetrated by one or more in pursuance of such conspiracy. A civil action for damages, therefore, instead of accruing on account of the conspiracy, rests alone upon the unlawful act subsequently committed, to the injury of the party complaining. The gist of the civil action for damages is the injury done to the plaintiff and not the conspiracy to do it. [Ross v. Mineral Land Co., 162 Mo. 317, 331, 62 S. W. 984; Remmers v. Remmers, 217 Mo. 541, 117 S. W. 1117; 6 Am. and Eng. Ency. Law (2 Ed.), 873, 874.] As the second count of the petition alone affords the basis for the right of attachment alleged to have accrued on account of the conspiracy, this ground of the attachment must fail for

the reason no substantive wrong affording a cause of action to plaintiff for damages as a result of the alleged conspiracy is set forth in the petition. It may be conceded that it is an offense for two or more persons to conspire to perpetrate a wrong upon a third party under the circumstances mentioned in sections 4705, 4706, Revised Statutes 1909; but though such be true, before an attachment may be had on account of such conspiracy, a substantive right of recovery of damages must accrue to plaintiff under the twelfth subdivision of section 2294, Revised Statutes 1909. [See Deering & Co. v. Collins, 38 Mo. App. 80.] The court erred in submitting the second ground of attachment to the jury, for the reason the petition, after the dismissal of the count for malicious prosecution, revealed no cause of action in favor of plaintiff as a result of the conspiracy referred to.

The third ground of attachment set forth in the affidavit is that contemplated in the seventh subdivision of section 2294 on attachments, for it is averred therein that the defendant had fraudulently conveyed or assigned his property or effects so as to hinder and delay his creditors. The suit was instituted on May 21, 1906, and there is evidence that defendant, in March theretofore, conveyed to Hunter certain lands owned by him in New Madrid county. It is shown, too, that defendant was indebted at that time. This proof, together with other facts and circumstances in evidence, tended to support this ground for the attachment and the question was for the jury. But the court received in evidence as well, in support of this ground, a deed executed by defendant to one Frank Ferrell, which conveyed certain lands owned by defendant in New Madrid county to Ferrell. This deed, it appears, was dated May 23, 1906 or two days after the attachment was sued out. Under this, the seventh ground of attachment, the deed referred to was improperly admitted, for the allegation is, that defend-

ant had fraudulently conveyed and assigned his property on and prior to the 21st day of May, the date of filing the suit. By instruction No. 4 for plaintiff, the court directed the jury that they might consider this deed of date May 23d in aid of the allegation above mentioned. This, too, was an error which should not occur on a retrial.

The same error with respect to the same deed occurred, too, in instruction No. 5, given on behalf of plaintiff. This instruction is as follows: "The court instructs the jury that if they believe and find from the evidence that the defendant on the 21st day of May, 1906, had conveyed his property in a deed executed by him to Shap R. Hunter, Sr., and a deed executed by him to Frank Ferrell with the intent to hinder or delay his creditors, and that if they further find from the evidence that the object or effect of the execution of the instruments conveying the aforesaid property was to defraud or hinder or delay plaintiff or any of defendant's creditors, then the finding should be for the plaintiff, and the attachment should be sustained as to both counts in plaintiff's petition upon which the attachment was sued out." The instruction permitted the jury to find defendant had conveyed his property on May 21st to Ferrell with intent to hinder or delay his creditors, when there is no proof whatever to that effect. Instead, the proof as to this deed is conclusive that it was not executed until two days after the attachment was filed. Furthermore, this instruction is erroneous, for, though it requires the jury to find defendant conveyed his property with intent to hinder or delay his creditors, as was proper enough, it directs that if the jury further found from the evidence that "the object or effect" of executing the deeds mentioned was to defraud, hinder or delay plaintiff's creditors, then the finding should be for plaintiff. This incorporates an erroneous conception with respect to the seventh subdivision of the attachment statute, for

instead of either the object or effect of the instrument being sufficient to sustain the attachment under that ground, both must concur; that is to say, there must be both a fraudulent intent on the part of the debtor and the effect of the conveyance as well must be to hinder or delay his creditors. [Furth Grocery Co. v. May, 78 Mo. App. 323.]

The fourth ground for attachment incorporated in the affidavit is that which is contemplated by the eighth subdivision of the statute (sec. 2294, R. S. 1909), for the affidavit avers that defendant has fraudulently concealed, removed, and disposed of his property or effects so as to hinder or delay his creditors. There is not a scintilla of proof in the case that defendant concealed or removed any of his property and the entire subject-matter in decision with respect to this ground of attachment turns on the words "disposed of his property." The only evidence whatever tending to prove that defendant disposed of any property for any purpose is that above mentioned pertaining to the conveyance of some of his lands to Hunter and some to Ferrell. The court nevertheless submitted this matter to the jury as though such conveyance tended to support the allegation. This was error, for it has been pointedly decided that the word "disposed," as used in this subdivision of the statute, was not intended by the legislature to cover such conveyances or alienations of property. It is said no two of the fourteen separate specifications for grounds of attachment set forth in the statute contemplate the same subject-matter and that the seventh subdivision alone relates to conveyances such as are revealed in the evidence here. The case of Bullene v. Smith, 73 Mo. 151 is directly in point and it is therefore unnecessary to elaborate. For the reasoning of the court, reference is made to that case. The court erred in submitting the fourth ground of attachment to the jury, for under the authority cited, there was no proof

whatever tending to support it. From what has been said, it is obvious the judgment sustaining the attachment must be reversed and the cause, with respect to that matter, remanded.

## On the Merits.

We come now to consider the appeal from the finding and judgment on the merits, or the main case. As before stated, the petition is in three counts, the third of which declares upon a malicious prosecution, but this count was dismissed at the trial and will not be further noticed. The second count declares upon a conspiracy and is above set forth in connection with the second ground on which the attachment was sued out in aid of it. We have considered this count of the petition. It appears to state no cause of action and will not be further noticed.

There remains, then, but one count of the petition, which is the first. That count presents a jumble of slanders, commingled, which, it is averred, defendant spoke of and concerning plaintiff. It does not appear from the petition that these various statements were made at different times and in the presence of different persons, in different localities, but the proof reveals such to be the fact, if the statements were made at all. We believe there is some evidence tending to prove some of the statements attributed to defendant of and concerning plaintiff in this count of the petition and the subject-matter may be for the jury. It is unnecessary to discuss or elaborate this count, for that a petition setting out in one count, as this one does, a number of separate slanders, spoken at different times, in different places, to different persons, is bad pleading goes without saying. [See Flowers v. Smith, 214 Mo. 98, 112 S. W. 499.] No doubt the petition may be amended, however, if plaintiff is so advised.

Among other things, the first count of the petition charges as one of the slanders uttered that defendant

said "that deed is a forgery." It is obvious that the mere statement of the words "that deed is a forgery" without more is insufficient to sustain a charge of slander, for it omits to impute the fact of forgery to plaintiff or any one else, and the words do not imply it.

By the second instruction for plaintiff, the court submitted all of these different statements made to different persons at different times and places to the jury for a finding, as if they were all made at the same time and place and in the presence of the numerous parties therein named. The proof is, defendant used some of the language alleged in New Madrid county, some at one place in St. Louis and some at another in St. Louis, at different times and to different persons. Notwithstanding this, all of these words are submitted by the second instruction as if they were all statements made at the same time, in the same place and to the same persons, while each separate statement made at different times, to different persons must be regarded as a separate slander, giving rise to a separate cause of action, if a slander at all. The second instruction referred to is as follows: "The court instructs the jury, that if the said J. V. Conran, plaintiff herein, after the execution by Mal H. Powell of the quitclaim deed dated June 10, 1903, conveying real estate to him, the said J. V. Conran, in New Madrid county, Missouri, executed before Lulu R. Colvin, notary public, in and for the City of St. Louis, did, after the execution and delivery of said deed to him, the said J. V. Conran, with the intent to defraud her, the said Mal H. Powell, remove from said deed, a consideration written in the deed at the time of its execution and delivery to him, the said J. V. Conran, and then wrote in a consideration different from that originally written in the deed, then he, the said J. V. Conran, was guilty of forgery; and the court further instructs that if you believe and find from the evidence that the defendant at any time within two years next

before the 21st day of May, 1906, speaking of and concerning the plaintiff in this case, J. V. Conran, and concerning and with reference to the quitclaim deed herein before set out, did speak of, and concerning the defendant, the following words: He (meaning J. V. Conran) has committed forgery he forged that deed, he erased the consideration in that deed, which was monthly payments after it was acknowledged, and then wrote in one thousand dollars, I have seen the original deed and the erasure is plain, he is a forger, he is guilty of forgery, that deed is a forgery, he changed the consideration in that deed after it had been acknowledged and delivered to him, by erasing the monthly payments, which was the consideration written in the deed, and then writing the words, one thousand dollars, or enough of the above said words to constitute the charges of forgery against the plaintiff, the said Bert F. Fenn, charging and meaning to charge thereby, that the plaintiff, J. V. Conran, had altered or changed the consideration in said deed as aforesaid, with the intent thereby to defraud the said Mal H. Powell, and being so understood by the parties to whom said words were spoken; and that if the jury further believe that said statements were false and untrue, then the jury should find for the plaintiff on the first count in the petition.'' Among other things, this instruction authorizes the jury to find for plaintiff if it found defendant said of and concerning plaintiff, ''that deed is a forgery.'' These words, though not so treated by the instruction, are, in fact, a separate slander alleged to have been uttered by defendant. Though he spoke the words, ''that deed is a forgery'' concerning the deed from Mal H. Powell to plaintiff, these words do not impute the forgery to plaintiff or to any other person. It appears, therefore, that though there may be some valid causes of action set forth in the first count of the petition, some of the words relied upon do not constitute a slander

when proved, and as the verdict is a general one affirming all of these various alleged slanders in the one count, it may not be sustained under the authority of Flowers v. Smith, 214 Mo. 98, 112 S. W. 499.

Though plaintiff is a member of the bar and appears to have been aided at the trial by other counsel, we have not been favored with a brief for him. As a result of his omission to brief the case and contribute something toward analyzing the record in support of the judgment, considerable labor has been entailed upon us. Probably the numerous errors were intended to be confessed, but no statement to that effect has been made or filed. The record presents eight hundred and twenty-seven pages of printed matter and abounds with evidence which is both immaterial and incompetent. Besides the numerous errors we have pointed out, there are many others to be found therein touching the rulings of the court on the admission and rejection of evidence which of themselves are sufficient to operate a reversal of either the judgment sustaining the attachment or that on the merits. Upon a retrial, counsel should devote more pains to trying the case according to the established rules of law and less energy to introducing immaterial matters into the record.

For the errors above pointed out, the judgment on the merits will be reversed and the cause remanded. It is so ordered with respect to both judgments. *Reynolds, P. J.,* and *Caulfield, J.,* concur.